FIRST ASSEMBLY OF GOD CHURCH, A NEBRASKA CORPORATION, APPELLEE, v. THE CITY OF SCOTTSBLUFF, A MUNICIPAL CORPORATION AND POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT.

279 N. W. 2d 126

Filed May 22, 1979.   No. 41960.

Loren G. Olsson, for appellant.

Allen L. Graves of Cline, Williams, Wright, Johnson & Oldfather, for the League of Nebraska Municipalities, amicus curiae.

Robert M. Brenner, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.
The defendant, City of Scottsbluff, Nebraska, appeals from a summary judgment vacating and setting aside a special assessment levied against the property of the plaintiff, First Assembly of God Church, for the construction of water mains in water main extension district No. 58.

The defendant created water district No. 58 by ordinance No. 2118 on June 16, 1975. After the work had been completed, the mayor and city council, sitting as a board of equalization, fixed and determined the special benefits to the property within the district. On January 26, 1976, the defendant levied special assessments against the property in water main extension district No. 58, including the property owned by the plaintiff, by ordinance No. 2164.

This action was commenced on February 27, 1976. The petition alleged that within 10 days from the levy of the special assessment the plaintiff filed a notice of appeal and a cost bond with the city clerk of the defendant. The petition prayed that the special assessment be vacated or modified or that the matter be remanded to the board of equalization for rehearing; that the title to the plaintiff's property be quieted and confirmed in the plaintiff or against the city council of the defendant; that the city council of the defendant be enjoined from attempting to enforce the assessment against the property of the plaintiff; and for such other further and different relief as the court might deem just and equitable.

The petition alleged that ordinance No. 2164 was null and void because of (1) insufficient notice; (2) insufficient action and approval of the public; (3) insufficient enactment of the ordinances; (4) insuffi-

cient compliance with the public meeting laws; and (5) "Insufficient of the Ordinance for water main extension, District Number 58."

The defendant's answer was substantially a general denial.

The plaintiff moved for a partial summary judgment "on the validity of the Ordinance No. 2164" on one or more of the following grounds: (a) No proper notice was given as required by section 18-401 et seq., R. R. S. 1943; (b) no proper notice was given, as required by statute, for ordinance No. 2164 or 2118; (c) no proper passage of ordinance No. 2164 or ordinance No. 2118 or notices in compliance with sections 19-2402 to 19-2407, R. R. S. 1943; (d) no proper passage of ordinance No. 2118 or notices of ordinance No. 2118 creating water main district No. 58; and (e) no proper enactment or levy of special assessments under water main district No. 58.

The trial court found there was no material issue of fact as to whether proper notice had been given by the defendant, that the plaintiff was entitled to judgment as a matter of law, and that the special assessment levied against the property of the plaintiff should be vacated and set aside.

There are no issues of fact and the appeal presents only questions of law. The principal issue is whether the defendant was required to give any notice to the property owners in the district at the time ordinance No. 2118 creating water district No. 58 was enacted. The plaintiff attempts to distinguish between a "Water District" and a "Water Main Extension District" and contends that the defendant was required to proceed under either section 18-401 or section 19-2402, R. R. S. 1943. The defendant contends that it proceeded under section 16-667, R. R. S. 1943, as it existed on June 16, 1975, and there was no requirement that notice of the creation of the district be given to the property owners in the district.

Prior to the 1977 amendments, there was no requirement for notice to property owners upon the creation of a water district under that section. Section 16-667, as it existed in 1975 and 1976, authorized a city of the first class, such as the defendant, to "lay off the city into suitable districts for the purpose of establishing therein a system of sewerage and drainage and water service." Section 16-668 authorized the city council to order water mains laid and assess the cost to abutting property.

There is no constitutional requirement that property owners be given notice of the creation of an improvement district although creation of the district may foreclose any opportunity of the property owners to protest the making of the improvement. Jones v. Village of Farnam, 174 Neb. 704, 119 N. W. 2d 157; Elliott v. City of Auburn, 172 Neb. 1, 108 N. W. 2d 328; Freeman v. City of Neligh, 155 Neb. 651, 53 N. W. 2d 67; Chicago, etc. R. R. v. Risty, 276 U. S. 567, 48 S. Ct. 396, 72 L. Ed. 703; 70 Am. Jur. 2d, Special or Local Assessments, § 147, p. 956. The constitutional requirement is that there be notice to the property owners of a special assessment and an opportunity to contest its validity and amount before the assessment becomes a charge on the property.

Section 18-401, R. R. S. 1943, first enacted in 1921, authorizes cities of all classes to create water main districts and cause extensions or enlargements of water mains to be made. Section 18-409, R. R. S. 1943, provides that a city may, by resolution of the city council, *"elect and determine to proceed* under the provisions of sections 18-401 to 18-411, in the matter of ordering and making and causing to be made extensions or enlargements of water or gas mains, * * * *but are not required to do so."* (Emphasis supplied.)

Section 19-2402, R. R. S. 1943, authorizes cities of the first or second class to extend water service by creating water extension districts.

We think the proper construction of these statutes is that they provide alternative methods for a city of the first class to construct and finance improvements to the water system. The language of section 18-401, R. R. S. 1943, clearly provides that it is optional whether a city shall proceed under sections 18-401 to 18-411 in making extensions of water mains. Prior to 1921 there was no method for a city of the first class to extend its water service except under section 16-667 and its antecedents; and prior to 1961, there was no method other than under section 16-667 or section 18-401.

A similar situation exists in regard to the extension of sewer service. See State, ex rel. City of Columbus, v. Price, 127 Neb. 132, 254 N. W. 889. See, also, Chicago, St. P., M. & O. Ry. Co. v. City of Randolph, 163 Neb. 687, 81 N. W. 2d 159, relating to paving districts in cities of the second class and villages.

In Matzke v. City of Seward, 193 Neb. 211, 226 N. W. 2d 340, we held that the city should be enjoined from levying special assessments in four water extension districts created under section 19-2402, R. R. S. 1943. The opinion stated that a water extension district, as described in section 19-2402, was an area of land or contiguous tracts of land located apart and outside any area served and benefited by an existing municipal water service system, wherein water extension mains are to be constructed and municipal water service extended. The districts involved did not meet that test because land in each district was either partly served or wholly served by the water system of the city at the time the districts were created.

The opinion in the Matzke case further stated: "Although not argued by the parties, there is the question of the legality of the city's acts under any statutory authority. We find none. The work done in all four districts was in the nature of extending

and enlarging the existing water system, which would lend itself to applying sections 18-401 to 18-411, R. R. S. 1943; however, the city did not give the notice required in section 18-403, R. R. S. 1943.''

We believe the statement in the Matzke case that an extension or enlargement of an existing water system can only be accomplished under the authority granted in sections 18-401 to 18-411, R. R. S. 1943, was in error. After the initial construction of a water system has been completed, any addition to the system is an extension of water service. As previously mentioned, the only authority prior to 1921 for the extension of water service in cities of the first class was under section 16-667 and its antecedents. In 1913, when the Legislature amended what is now section 16-667 to authorize the creation of districts for the construction of water mains, the title to the act stated in part: ''AN ACT * * * providing for the extension of water mains * * *.'' Laws 1913, c. 161, § 1, p. 500.

The Matzke case involved a somewhat different factual situation than is involved in this case. In the Matzke case the improvements included two new wells, an elevated storage tank, the replacement of some mains, and the addition of new water mains with larger capacity. The record in this case shows that water district No. 58 involved no replacement or enlargement of existing mains, but new construction extending water service to an area not previously served.

A part of the new construction in water district No. 58 proceeds along the south side of Block 1 of Scotts Bluff County College Tract which had an existing 8-inch main running along its west boundary. The extension along the south boundary of the college tract was necessary to connect the existing system with the construction in the new areas which had not had service. The plaintiff owns no part of the college tract and there is no issue in this case

concerning the amount of the assessment or benefit to any particular tract.

To the extent that the opinion in Matzke v. City of Seward, *supra*, may imply that a city of the first class had no authority to create a water extension district under section 16-667, R. R. S. 1943, and is in conflict with our decision in this case, it is overruled.

Ordinance No. 2118, which created water district No. 58, was adopted by the city council of the defendant on June 16, 1975. A regular meeting of the council had been held on June 9, 1975. The agenda for that meeting included the consideration of a request to create a water district in Indian Hills subdivision. The meeting was adjourned to June 16, 1975, and the agenda for that date included an ordinance creating a water district in Indian Hills. The plaintiff's property is Block 1 in Indian Hills subdivision. We think the record is sufficient to show the defendant satisfied the agenda requirements of the open meeting law.

Ordinance No. 2164, which levied the special assessment, was adopted on January 26, 1976. The meeting of the board of equalization was held on January 12, 1976. Notice of the meeting was published on December 19, 1975. The plaintiff appeared by counsel and participated in the hearing. The council sitting as a board of equalization took the matter of the assessments under advisement until the next regular meeting of the council on January 26, 1976, at which meeting ordinance No. 2164 was adopted. The ordinance was published on February 4, 1976. The record shows substantial compliance with all requirements of the open meeting law with respect to ordinance No. 2164.

The plaintiff contends that the titles to the ordinances were defective because ordinance No. 2118 referred to "Water District No. 58" and ordinance No. 2164 referred to "Water Main Extension District No. 58." We think the discrepancy in the title was of

no importance. As previously noted, every addition to the original system constitutes an extension of service. There is nothing in the record to indicate anyone was misled or prejudiced by the variance in the description of the district and the variance was immaterial.

The judgment of the District Court finding that the special assessment levied by the defendant against the property of the plaintiff should be vacated and set aside is reversed and the cause remanded.

REVERSED AND REMANDED.