GARDEN DEVELOPMENT COMPANY, A PARTNERSHIP, APPELLEE, V.
CITY OF HASTINGS, NEBRASKA, A MUNICIPAL CORPORATION,
APPELLANT.
436 N.W.2d 832

Filed March 17, 1989.   No. 87-009.

Michael E. Sullivan for appellant.

Arthur R. Langvardt for appellee.

HASTINGS, C.J., CAPORALE, and GRANT, JJ., and MORAN and BROWER, D. JJ.

MORAN, D.J.

The City of Hastings, defendant, appeals a decision of the Adams County District Court invalidating a special assessment levied by the Hastings city council for improvements made in a water extension district created under Neb. Rev. Stat. § 19-2402 (Reissue 1987) against real property owned by Garden Development Company, a partnership, plaintiff. On Garden Development's appeal of the assessment, the district court, after a trial de novo, found Garden Development's property was served and benefited by the municipal water system as it existed prior to the creation of the water extension district and, further, the benefits from the water extension district were general to a large area in northeast Hastings, not special to the property in the district. Defendant appeals, assigning two errors: (1) the action of the trial court in finding that plaintiff's real estate was already benefited and that the assessments were void under *Matzke v. City of Seward*, 193 Neb. 211, 226 N.W.2d 340 (1975), *overruled on other grounds, First Assembly of God Church v. City of Scottsbluff*, 203 Neb. 452, 279 N.W.2d 126 (1979); and (2) the action of the trial court in determining that the improvements were general in nature and did not specially benefit the plaintiff's real estate. We affirm.

The Supreme Court reviews the validity of a special assessment de novo on the record made in the district court. See *Equitable Life v. Lincoln Cty. Bd. of Equal.*, 229 Neb. 60, 425 N.W.2d 320 (1988).

Ordinance No. 2936, creating water extension district No.

1985-207, was adopted May 13, 1985. The district was composed of real property with front footage totaling 2,086.55 feet to abut a 10-inch water main constructed pursuant to the ordinance. The district, located in northeast Hastings, was bounded on the south by 22d Street and a tract on which there is a Holiday Inn, on the west by new U.S. Highway 281, on the north by South Shore Drive, and on the east by old U.S. Highway 281. The water main begins at the intersection of 22d Street and St. Joe Avenue, runs east on 22d Street to Kansas Avenue, then north on Kansas Avenue to the east right-of-way line of new Highway 281, and then northeasterly along the west side of the east right-of-way line to South Shore Drive, where it connects to a 10-inch feeder line. This feeder line, constructed in 1980, runs along the north side of Garden Development's property to old Highway 281 and then south along the east side of the old highway to 22d Street. Two 6-inch water mains connect to the 10-inch feeder north of Garden Development's property. The first main runs west along South Shore Drive through a platted area south of Lake Hastings and then south, connecting to an existing 6-inch main on 22d Street at Burlington Avenue. The other main runs north from South Shore Drive along North Shore Drive through a subdivision north of Lake Hastings.

Before district No. 1985-207 was created, the area north of 22d Street received water from a well north of Lake Hastings and from a 6-inch main that ran north up Kansas Avenue to 22d Street and then east along 22d Street, where it connects to the 10-inch feeder line running under old Highway 281 to South Shore Drive. The feeder line was never part of a water district.

At the time of trial, Garden Development's property was undeveloped land outside the city limits, but was surrounded by property within the city limits, including the Lake Hastings residential development north of Garden Development's property. The tract contains roughly 3 to 4 acres and has a generally triangular shape. It is bounded on the east by old Highway 281, a north-south road, on the north by South Shore Drive, an east-west road, and on the south by land it earlier sold to subsequent owners of the Holiday Inn. The hypotenuse of the triangle to the west is the east right-of-way line of new

Highway 281 that runs from northeast to southwest. This tract has never been connected to the municipal water system, nor has it been part of a water district. Garden Development's predecessor was a corporation whose stockholders are now the partners in Garden Development. The corporation constructed the Holiday Inn and purchased the existing Garden Restaurant, and obtained water for the project by paying for the construction of a 6-inch main in 22d Street west to Kansas Avenue. The land where the restaurant and motel are located was sold in 1980. The new owners of the Holiday Inn later installed a lawn sprinkling system and, in May of 1985, connected it to the 10-inch feeder line in old Highway 281.

After the district was completed, a 12-inch feeder line was installed under old Highway 281, running north to connect to the 10-inch feeder line in the highway at 22d Street.

The power and authority delegated to municipalities to construct improvements and to levy special assessments for their payment is strictly construed, and every reasonable doubt as to the extent or limitation of such power and authority and the manner of exercise thereof is resolved in favor of the taxpayer. *Turner v. City of North Platte*, 203 Neb. 706, 279 N.W.2d 868 (1979).

Water district No. 1985-207 was established under the authority granted in § 19-2402. That statute states, "Whenever the mayor and council of any city . . . shall deem it necessary and advisable to extend municipal water service . . . to territory beyond the existing systems, such municipal officers may, by ordinance, create a district or districts to be known as . . . water extension districts . . . ." The statute was construed in *Matzke v. City of Seward*, 193 Neb. 211, 226 N.W.2d 340 (1975), applying the statute to districts that included territory previously served by the existing municipal water service systems.

Both parties devoted considerable effort to bring this case within or outside the *Matzke* rule defining a water extension district as "an area of land or contiguous tracts of land located apart and outside any area served and benefited by an existing municipal water service system, wherein water extension mains are to be constructed and municipal water service is extended." *Matzke, supra* at 219, 226 N.W.2d at 345.

The facts in this case do not meet the threshold requirement of the statute. The Garden Development property is not "territory beyond the existing systems." It is bounded on the west by new Highway 281, to the west of which is an existing water system. On the north and east, the property is bounded by an existing system of water mains.

The City of Hastings could not use § 19-2402 to create a water district which included Garden Development's property.

Having determined that water extension district No. 1985-207 is invalid, the special assessment is void. *Matzke v. City of Seward, supra.* It is not necessary to reach the question of whether the benefits of the district were general to northeast Hastings and not special to the property in the district.

The decision of the district court finding the special assessment invalid is affirmed.

AFFIRMED.