# Downtown Rutland Special Tax Challengers, Bruce Utley and George H. Looker v. City of Rutland, The Rutland Redevelopment Authority, Ronald Graves, The City Treasurer, and Vernon Richards, City Tax Collector

[617 A.2d 129]

No. 91-125

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 14, 1992

Motion for Reargument Denied September 14, 1992

*Brian P. Dempsey*, Castleton, for Plaintiffs-Appellants.

*John Paul Faignant* and *Robin S. Richards* of *Miller &
·Faignant,* Rutland, for Defendant-Appellee Rutland Re-
development Authority.

*Frank H. Zetelski,* City Attorney, Rutland, for Defendants-
Appellees City of Rutland, Graves and Richards.

**Allen, C.J.** Plaintiffs, owners of property within a special as-
sessment district in the City of Rutland, appeal from a superior
court order denying their request to declare the assessment
void and enjoin its implementation. They argue that the Rut-
land Redevelopment Authority (RRA) violated various statu-
tory and constitutional provisions when it created the district
and imposed the special assessment. We hold that the RRA
failed to follow applicable statutory requirements and therefore
reverse and remand.

In early 1989, the voters of the City of Rutland approved a
revised city charter that provided for the creation of the RRA.
The new charter was duly adopted by the Legislature and
signed by the Governor. Among the enumerated RRA powers
was the following, which is the focus of the instant dispute: "[t]o
assess, in the name of the City of Rutland, impact fees and spe-
cial benefit assessments within those parts of the City of Rut-
land designated by the Board of Aldermen." 1989, No. M-8,
§ 36–4(c). Although the Board of Aldermen designated the en-
tire city as the special assessment district, the RRA proposed
an ordinance imposing a special benefit tax only on property
located in the downtown district. After conducting hearings and
making various revisions to the district boundary, the RRA
unanimously adopted the ordinance. The City's voters did not
vote on the special assessment district, and the owners of prop-
erty within the district did not consent in writing to the assess-
ment.

The ordinance established the tax rate for the special district
as "an amount no greater than twenty-five percent of the prop-
erty tax levied and assessed" and provided for annual assess-
ments. For the first year, beginning July 1, 1990, the RRA set
the rate at 16.75%. Planned benefits for the district included
promotion of the downtown area through special events, adver-
tising, landscaping, and the installation of park benches, signs,
and waste receptacles.

Plaintiffs sought to enjoin the RRA and the City from implementing the special assessment and to have the assessment declared void on various procedural and substantive grounds. They argued that (1) the RRA failed to adhere to the provisions of Title 24 chapter 87 when imposing the special assessment, (2) the Board of Aldermen, not the RRA, should have designated the special assessment district, (3) certain members of the RRA's Board of Commissioners violated the charter's conflict of interest provision because they owned land within the district, (4) the RRA derived no authority from either Title 24 chapter 85 or 24 V.S.A. § 2744 for the assessment, (5) the ordinance violates the common law of special assessments, and (6) the assessment violates provisions of both the Vermont and United States constitutions. We address the first two of these issues and do not reach the others.

■ As a preliminary matter, we note that the authority delegated by the Legislature to a municipality to levy special assessments is strictly construed, and that reasonable doubts regarding such authority will be resolved in favor of the taxpayer. *Garden Development Co. v. City of Hastings*, 231 Neb. 477, 480, 436 N.W.2d 832, 834 (1989); 14 E. McQuillin, Municipal Corporations § 38.07, at 62 (1987).

We agree with plaintiffs that the RRA should have followed the mandates of chapter 87 of Title 24 before imposing the special assessment. Section 3254 of that chapter provides that a special assessment "shall be levied only by vote of a majority of the qualified voters of the municipality." 24 V.S.A. § 3254. No vote is required "if all of the owners of record of property to be assessed . . . consent in writing to the assessment." *Id.* Here, the RRA did not obtain voter approval or owner consent before implementing the special assessment. Defendants claim, and the trial court agreed, that chapter 87 did not apply because the grant of authority from the Legislature to the RRA conflicted with the provisions of the chapter. We conclude that the superior court erred when it found the charter provision and chapter 87 to be in conflict and ruled that the charter, as the more specific and later enactment, prevailed.

■■ We find no conflict. The charter delegates to the RRA the necessary authority to make special assessments. See

*Welch v. Town of Ludlow,* 136 Vt. 83, 87, 385 A.2d 1105, 1108 (1978) (municipality has no powers beyond those specifically authorized by the Legislature). The charter does not, however, set forth any procedures for how that authority is to be carried out. Chapter 87, on the other hand, establishes the purposes for special assessments and the procedures for their levy. Moreover, the charter expressly states that "[u]nless provided for to the contrary . . . the [RRA] and its Board of Commissioners shall be subject to and have the benefit of all general laws of the State of Vermont relating to municipal corporations . . . ." 1989, No. M-8, § 36–6. Even were it possible to find conflict between the two enactments, all laws relating to this subject should be construed together and in harmony if possible. See *Lomberg v. Crowley,* 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980). Here, the disputed provisions are readily harmonized—the charter authorizes the RRA to make special assessments and chapter 87 instructs it how to make them. Furthermore, the Board of Commissioners itself recognized the applicability of chapter 87 in its ordinance, where the Board expressly relied on § 3253 of that chapter for authority to impose the special assessment. The Board neglected, however, to follow § 3254, which requires voter approval or consent of the owners.

■ Once we conclude that 24 V.S.A. § 3254 applies to assessments levied by the RRA, the special assessment here necessarily fails. The RRA did not gain either the approval of the voters or the consent of the property owners as required by that section. *Kirchner v. Giebink,* 150 Vt. 172, 180, 552 A.2d 372, 377 (1988) ("an agreement by the Town to levy special assessments without following the statutory procedure would be unenforceable"); see also *Alberty v. City of Henderson,* 106 Nev. 299, 302, 792 P.2d 390, 393 (1990) (local improvement district invalid where city failed to follow mandatory statutory procedures).

■ Although the first issue is dispositive of the case, we address the second in the interest of judicial economy. We conclude that the failure of the Board of Aldermen to designate the district is also fatal to the disputed special assessment. The revised charter grants authority to the RRA to make special assessments "within those parts of the City of Rutland desig-

nated by the Board of Aldermen." 1989, No. M-8, § 36–4(c). Here, the Board designated the entire city, and we cannot agree with the superior court's conclusion that the word "within" permits the RRA to create a smaller district anywhere within city limits. That construction renders part of the provision superfluous by eliminating any meaningful function for the Board, the City's elected representative body. See *Pacific Gas & Electric Co. v. City of San Jose*, 172 Cal. App. 3d 598, 602, 218 Cal. Rptr. 400, 402 (1985) (special assessment district is "result only of legislative power grounded in the taxing authority of the sovereign"). We decline to adopt the trial court's interpretation, see *State v. Tierney*, 138 Vt. 163, 165, 412 A.2d 298, 299 (1980), and instead rely on the plain wording of the provision. Absent a designation of the district by the Board of Aldermen, the instant assessment was without effect.

*Reversed and remanded for further proceedings not inconsistent with this opinion.*