## Holger A. Holmberg v. Douglas Brent

[636 A.2d 333]

No. 92-300

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed November 19, 1993

*Thomas W. Costello, Clare A. Buckley* and *Joel T. Faxon,* Law Clerk (On the Brief), of *Thomas W. Costello, P.C.,* Brattleboro, for Plaintiff-Appellant.

*Stephen S. Ankuda* of *Parker & Ankuda, P.C.,* Springfield, for Defendant-Appellee.

*Jeffrey L. Amestoy,* Attorney General, and *Geoffrey A. Yudien,* Assistant Attorney General, Montpelier, for Intervenor State.

**Allen, C.J.** Plaintiff Holger Holmberg appeals the grant of summary judgment in favor of defendant Douglas Brent, holding that under 24 V.S.A. § 901(a) defendant cannot be sued for negligence in his individual capacity as fire chief of the Village of Bellows Falls. We reverse.

In March 1987, plaintiff was injured while employed as a firefighter by the Village of Bellows Falls Fire Department, when, in response to an emergency call, he slid down a fire pole and landed on the cement floor below. Sometime before the incident, defendant, as fire chief, had ordered the removal of a pad sur-

rounding the base of the pole. Plaintiff brought a negligence action, alleging that removing the pad had created an unreasonably dangerous condition and caused his injury. Plaintiff received workers' compensation benefits, but sought damages from defendant under 21 V.S.A. § 624,[1] which permits suits against third parties responsible for injury.[2]

Defendant moved for summary judgment, alleging that he qualifies as a municipal officer under 24 V.S.A. § 901(a), which would require plaintiff to bring his action against the Village of Bellows Falls instead of defendant. Defendant argued in the alternative that qualified official immunity shields him from any liability, because removal of the pad was a discretionary function of the office of fire chief. In deciding the motion, the trial court looked to 24 V.S.A. § 1951, which empowers municipalities to establish fire departments and appoint officers of the department, and 24 V.S.A. § 1953, which mandates the fire chief as an officer of the department. The court concluded from a reading of these statutes that defendant is an "appointed or elected municipal officer" for purposes of § 901(a), and so any action against defendant in his capacity as fire chief must be brought against the village. The trial court entered judgment for defendant without ruling on the qualified immunity issue. As a result, plaintiff's only recourse would be to sue the village, his employer, directly for the fire chief's alleged negligence, but such an action is barred under the exclusive remedy provision of the workers' compensation statutes. See 21 V.S.A. § 622. In effect, the judgment would deprive plaintiff of a remedy under the workers' compensation exclusivity exception.

Plaintiff contends that the trial court erred in ruling that no material fact was disputed and that defendant should prevail

---

[1] 21 V.S.A. § 624(a) reads, in pertinent part:

Where the injury for which compensation is payable under the provisions of this chapter was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the acceptance of compensation benefits . . . shall not act as an election of remedies, but the injured employee . . . may also proceed to enforce the liability of such third party for damages . . . .

[2] This Court has held that a fellow worker is a "third person" within the meaning of 21 V.S.A. § 624. *Libercent v. Aldrich,* 149 Vt. 76, 80, 539 A.2d 981, 983 (1987); *Herbert v. Layman,* 125 Vt. 481, 486, 218 A.2d 706, 710 (1966).

under a proper interpretation of § 901(a). Summary judgment may be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(c); *State v. Delaney,* 157 Vt. 247, 252, 598 A.2d 138, 141 (1991). Since the standard for summary judgment requires that both criteria be satisfied, however, we need not address the claim that material facts are contested if we determine that defendant is not entitled to summary judgment as a matter of law.

In construing statutes, our goal is to effect the legislative intent. *State v. Wilcox,* 160 Vt. 271, 275, 628 A.2d 924, 926 (1993). We look first to see if the intended meaning is plain from the statutory language itself; if that is unclear or ambiguous, legislative history may offer clues as to the legislative intent. *In re Judy Ann's Inc.,* 143 Vt. 228, 231, 464 A.2d 752, 754 (1983). We look also to other relevant or related statutes for guidance, because a proper interpretation must further the entire statutory scheme. See *id.* ("totality of legislative action on a subject" relevant to discerning legislative intent). To that end, laws relating to a particular subject "should be construed together and in harmony if possible." *Downtown Rutland Special Tax Challengers v. City of Rutland,* 159 Vt. 218, 221, 617 A.2d 129, 131 (1992).

In relevant part, 24 V.S.A. § 901(a), entitled "Actions by or against town officers," requires that "[w]here an action is given to any appointed or elected municipal officer . . . , the action shall be brought in the name of the town in which the officer serves . . . . If the action is given against such officers, it shall be brought against such town . . . ."*Id.* Despite the apparently limiting reference to towns, the legislature has declared that "the laws applicable to the inhabitants and officers of towns shall be applicable to the inhabitants and similar officers of all municipal corporations." 1 V.S.A. § 139. The Village of Bellows Falls, an incorporated village, see 1 V.S.A. § 140; 1985 Charter of Bellows Falls Village Corporation § 1 [hereinafter Bellows Falls Charter], qualifies as a municipal corporation because the term "municipality" includes incorporated villages, 1 V.S.A. § 126. Therefore, assuming the fire chief is a "municipal officer," 24 V.S.A. § 901 would apply to the village and require that the action be brought against the village, unless § 901 conflicts with a law specifically applicable to the village. See 1 V.S.A. § 139

(applicability to villages of laws addressed to "towns" limited to situations where these laws do not conflict with statutes specifically directed to villages).

One such specific law is 24 V.S.A. § 1313, which provides that:

> An incorporated village, by vote, may indemnify a duly appointed public or peace officer of the village against legal proceedings for injuries committed by him while in the lawful discharge of his official duties. If an action is commenced against such officer, upon vote of such village, the trustees may defend such action at its expense.

The distinguishing characteristic of a "public officer" is that the officer carries out a sovereign function. Black's Law Dictionary 1230 (6th ed. 1990). For purposes of this argument we adopt defendant's assertion that the fire chief's duties "involve the continuous exercise of sovereign power in the public interest," which fits the definition of a "public officer." Therefore, as an appointed official, Bellows Falls Charter § 18, the fire chief is a "duly appointed public officer" covered by the provisions of 24 V.S.A. § 1313.

■■ If an individual is both a "municipal officer" under § 901(a) and a "duly appointed public officer" of a village under § 1313, then only § 1313 may apply. Under § 1313, whenever a public officer of an incorporated village is sued, the village may *elect* to indemnify the officer for legal liability or undertake to defend a suit brought against the officer. Section 1313 does not compel a village to run the risk of liability by requiring plaintiffs to sue the village instead of the officer. In contrast, § 901(a) mandates that any action brought against municipal officers be brought against the municipality, which amounts to an assumption of the officer's liability. Section 901(b) requires that municipalities "assume all reasonable legal fees incurred by an officer when the officer was acting in the performance of his duties." 24 V.S.A. § 901(b). Applied to this case, § 901(a) would eviscerate § 1313, because it deprives the village of the option of defending the suit or risking liability. Because the laws conflict, the provisions of § 1313, specific to villages such as Bellows Falls, must control over the general mandate of § 901. 1 V.S.A § 139. Since defendant is a "public officer" subject to § 1313, he may be sued in his individual capacity as fire chief. Defendant is not entitled to summary judgment under 24 V.S.A. § 901(a).

We express no opinion on defendant's claim that he is entitled to qualified official immunity, as the trial court did not consider the issue in its ruling on the summary judgment motion.

*Reversed and remanded.*