CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT, V. CITY OF ALBION ET AL., APPELLEES.

FILED FEBRUARY 27, 1923. No. 22242.

1. **Municipal Corporations:** STREET IMPROVEMENTS: FINDING OF BENEFITS. Unless there are circumstances which show that the special benefits found by a board of equalization to have accrued to certain property abutting upon a street which has been paved are excessive and unreasonable in amount, all things being considered, a finding by the board which is based upon the idea that the paving has added to the value of the lots a sum equal to the proportionate cost of the improvement is not so unreasonable as to justify setting aside the assessment for that reason alone.

2. ———: ———: ASSESSMENTS: REVIEW: BILL OF EXCEPTIONS. Where the record shows that extended consideration had been made by the board of equalization, of a city of the second class, of the subject of the assessment of lots within a certain paving district, before a property owner appeared who requested and was given leave to introduce evidence, and who asked to have the evidence upon which the board made its findings incorporated in a bill of exceptions, the fact alone that the board refused to insert in the bill of exceptions evidence other than that which was adduced by the property owner will not render the assessment erroneous.

3. ——: ——: ——. It is neither required nor necessary that the amount of special benefits assessed against each lot in a paving district bear any proportionate relation to the actual value of the lot.

4. ——: ——: ——. The special benefits to property of a railroad company conferred by the paving of a street in front of its passenger station, depot ground, and other of its real estate which is suitable to be used by, or leased to, other industries, should be assessed upon the same basis as other real estate abutting upon the improvement is assessed.

APPEAL from the district court for Boone county: A. M. POST, JUDGE. *Affirmed.*

*Wymer Dressler, Robert D. Neely, H. C. Vail* and *Paul S. Topping,* for appellant.

*W. J. Donahue, contra.*

Heard before MORRISSEY, C. J., LETTON, GOOD and DEAN, JJ., RAPER, District Judge.

LETTON, J.

The city of Albion created certain paving districts and assessed the sum of $8,258.31 as special benefits against certain property of the Chicago & Northwestern Railway Company within paving district No. 1. From the order of the board of equalization levying such special assessment, the railway company prosecuted error to the district court, which court sustained the assessment. From this judgment the railway company appeals.

The material allegation of the petition in error is that the only facts considered by the city council and the only basis used in making the levy was the cost of the paving, regardless of any other consideration.

Section 4283, Comp. St. 1922, confers the power to pave upon the city council, and the method of assessment is prescribed in section 4286.

The record shows that a notice was published to all property owners in the districts that the city council would sit in special session on October 21, 1918, at 8

o'clock p. m., for the purpose of fixing the valuation of the lots within paving districts Nos. 1, 2, and 3, and for the purpose of equalizing and distributing the costs of the improvement upon the property benefited "according to law and the benefits derived therefrom." The council met, took up the matter, and adjourned until ·October 24, 1919. A number of adjourned meetings were held, and finally on November 12, 1919, "after arriving at a tentative agreement as to values and benefits, the clerk was instructed to embody the same in a schedule for further consideration at a future meeting." An adjournment was taken to November 14. At that meeting the Chicago & Northwestern Railway Company appeared and requested the privilege of offering testimony in regard to the assessment of paving taxes on their property, and further asked the board to introduce the evidence upon which it based its findings in fixing the assessment, so that it might be preserved in a bill of exceptions. The council permitted the railway company to present whatever testimony it desired, but the request that the evidence leading to the findings of the board be incorporated in a bill of exceptions was refused. Testimony offered by the appellant was then received, and the board adjourned until the next evening. At this time the "board proceeded to further discussion of the benefits to property by reason of the paving and the amount of special tax to be levied on the various properties, when, there still being no complaints on file, and no one appearing with objections to the levying of the special tax for the cost of the paving, curbing and guttering of the streets in paving districts No. 1, No. 2, and No. 3, city of Albion, except the Chicago & Northwestern Railway Company," a resolution was passed ·determining the value of each lot or parcel of land, and finding that the improvement has benefited all lots, fractions of lots, and parcels of land, and that no lot ·or other parcel of land in any district has in any way been injured by reason of the improvement; that the

paving, curbing and guttering benefit each lot and tract of land "in proportion to the area thereof, its location in the district, its proximity to the improvement, and the extent and nature of the improvement abutting or adjacent thereto, and the board do further find and fix the amount of benefit to each lot, fraction of lot, and parcel of land in the aforesaid paving districts No. 1, No. 2, and No. 3, of said city, by reason of the aforesaid improvement, at the various amounts set opposite the description of each respective lot" in a schedule attached. The board then levied and assessed the specific tax upon the several lots and parcels of land "according to the benefits accruing thereto by reason of said improvement."

The testimony on behalf of the railway company is to the effect that, from the point where the railway crosses Main street to the end of the pavement near the milling company property, the ground on both sides of the paving is unplatted and is about three feet below the level of the street, and has not been used by the railway company for many years, nor does it derive any benefit from the same; that the land would make about four industrial lots 80 by 160 on one side, and 80 by 120 on the other, which would be worth about $1,000 each; that other lots assessed on Main street are worth as much as $7,000 to $10,000 each.

The city engineer testified that he computed the schedule of assessment according to a zoning system with six zones, so as to provide enough money to pay for the improvement. It is not contended by the appellant that the assessment was not properly made if such a basis of assessment is justifiable. That special assessments can only be based upon special benefits to the property assessed, and that such an assessment beyond the special benefits conferred would be a taking of private property for public use without just compensation, as appellant urges, is settled law in this state. *Schneider v. Plum,* 86 Neb. 129, and other cases cited. In that case a village board, acting under the

same statute as to the method of assessment involved
here, was enjoined from collecting a special tax upon
plaintiff's property to defray the expense of constructing
a concrete sidewalk. The court held the burden was on
plaintiff to show lack of authority: "The trustees
did not find that the lots were or were not benefited by
the construction of the sidewalk, but they arbitrarily as-
sessed upon the real estate the total cost of said im-
provement. The market value of lots may or may not,
according to the circumstances of a particular case,
be increased by the construction of a sidewalk adjacent
thereto, and the cost of the improvement does not neces-
sarily measure that increase. The trustees were not
vested with power to ascertain and then assess the *cost*
of the sidewalk, but the benefits accruing to plaintiff's
lots by reason of the improvement, not to exceed its
cost. We do not intimate that the trustees' record must
be faultless, but it must at least show that those
officials acted within their jurisdiction and substantially
complied with the law."

Of course, without a finding of benefits the assessment
was unauthorized. But, in the case at bar, the board
specifically found the benefits. It is true that the
special benefits to all the property in the district has
been found to equal the cost of the paving, but this
fact alone is not sufficient to avoid the assessment. The
benefits derived, under like conditions, from the paving
of a street are usually under a zoning system, in pro-
portion to the frontage and area of the lot assessed,
and so with respect to the cost of paving. Unless there
are circumstances which show that the special benefits
found are excessive and unreasonable in amount, all
things being considered, a finding by the board which
in substance is based on the idea that the paving has
added to the value of the lot a sum equal to the
proportionate cost of the improvement is not so un-
reasonable as to justify setting the assessment aside
for that reason alone. *O'Reilley v. City of Kingston,*

114 N. Y. 439; *Hennessy v. Douglas County,* 99 Wis. 129; *City of Springfield v. Sale,* 127 Ill. 359; *Hughes v. City of Portland,* 53 Or. 370. The board must be considered to have acted as appraisers of the benefits, acting upon information and upon their knowledge of the property, and the fact alone that the record does not set forth the evidence upon which the board acted will not render the assessment erroneous.' The record shows extended consideration of the subject before appellant appeared and requested evidence to be taken. Of course, there may be cases where the special benefits conferred, if any, may be much less than the cost of paving. In this instance no such condition has definitely been shown to exist, and the burden is on appellant to establish it. The lots of appellant are only a few feet below the level of the street, and, while a witness said they were wet and swampy, he qualified this by saying "in the spring" and other witnesses say they are capable of being put to use for other industries, such as elevators, lumber yards, or other lines of effort often found in the vicinity of railroads. The property has been rendered more easy of access and more desirable by the paving of the street in front of it.

Appellant has pointed out that the amount of special benefits assessed against each lot in the paving district has little or no relation to the actual value of the lot. This is immaterial. The value depends upon other factors. A lot in a city with a ten-story building on it may be worth immensely more than a vacant lot on the same street, and yet the special benefit to, and enhancement of value of, each lot be the same. There seems to be little use for the valuation required by the statute unless it means that the board shall ascertain the value of the property before and its value after the improvement, and assess the difference as the special benefit. But the statute does not so require in direct terms and any method of reaching a substantially just appraisment of the special benefits may be supported. *Norwood v.*

*Baker,* 172 U. S. 269, is cited to sustain appellant's position, but this case has been modified and distinguished in later cases, so that it has lost much of its force as authority.

It is next contended that there can be no special assessment against a railroad right of way and station ground for local improvements except upon the basis of increased value of the land for *railroad purposes.* A number of cases are cited to sustain this proposition, but a larger number can be found in which the courts take a contrary view, and uphold assessments on the same basis as other property is assessed. 4 Dillon, Municipal Corporations (5th ed.) sec. 1451, and note.

The paving extends in front of the passenger station and depot grounds of the appellant, and the street extends beyond the crossing to industries near the tracks, but it seems to appear from the plat in evidence that most of the property in dispute was originally included within a city block. Under somewhat similar facts, the supreme court of Missouri held that the fact that a railway is a highway, and the railroad corporation is a common carrier, does not exempt land used by a railroad for depot and yard purposes from special taxes for street improvements. *City of Nevada v. Eddy,* 123 Mo. 549, 561. Other courts, whose decisions are collected in Dillon, as above cited, are to the same effect. The policy of this state has been to make private property abutting upon or adjacent to a public improvement pay by special assessment the amount which it has been specially benefited, and in the like situation of public property, such as that of counties, school districts, and quasi-municipal corporations, where city authorities have no power to enforce the collection of the assessment by sale of the property, the legislature provided in 1909 that the payment may be enforced by suit and judgment. Comp. St. 1922, sec. 4283. Churches and charitable institutions which are exempt from general taxation are held liable to pay such special assessments. We see

no reason for, and find no statute authorizing, the exemption of railroad property of the nature of that involved in this assessment.

We find no error in the judgment of the district court.

AFFIRMED.