GAYNARD BROWN AND LUCILLE BROWN, HUSBAND AND WIFE, APPELLEES, V. CITY OF YORK, APPELLANT.
416 N.W.2d 574

Filed December 18, 1987.   No. 86-162.

Vincent Valentino and Wallace W. Angle of Angle, Murphy, Valentino & Campbell, P.C., for appellant.

John Morgan of Morgan & Morgan, for appellees.

Richard J. Pedersen of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for amicus curiae League of Nebraska Municipalities.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

WHITE, J.

The appellees in this case, Gaynard and Lucille Brown, own certain property within a paving district created by the City of York. Within 90 days of the creation of the paving district the Browns made application, pursuant to Neb. Rev. Stat. §§ 19-2428 to 19-2431 (Reissue 1983), for deferral of payment of the assessment. Deferral is allowed under these sections when the land assessed is used exclusively for agricultural purposes. The city council determined that the land in question was used for agricultural purposes and approved the application.

Thereafter, the board of equalization met and determined that the properties within the paving district were specially benefited by the improvements. The board assessed individual properties within the district in an amount equal to that fraction of the total cost proportionate to the frontage share of such

property. The property of Gaynard and Lucille Brown was assessed in the amount of $27,627.13.

Despite the deferral, the Browns perfected an appeal from the assessment to the district court for York County, pursuant to Neb. Rev. Stat. § 19-2422 (Reissue 1983), which provides that any owner of real property adjacent to an improvement may challenge the validity and amount of such assessment. The City of York demurred to the petition, alleging the court lacked jurisdiction to hear the action. The demurrer was overruled. This ruling is the subject of the first and second assignments of error.

The appellant asserts that the appellees, by applying for and accepting a deferral of the special assessment, waived their right to challenge the assessment. The appellant cites no case law for this proposition, but relies on the rule stated in 63 C.J.S. *Municipal Corporations* § 1460 at 1248 (1950): "The validity of an assessment may be questioned only by persons whose rights are prejudiced thereby." The appellant would have us believe that because the appellees are not currently obligated to pay, the deferred assessment has not infringed upon any right belonging to the appellees. By not prosecuting their appeal, however, the appellees would have lost their right to ever challenge the validity and amount of the special assessment. Neb. Rev. Stat. § 19-2423 (Reissue 1983) requires that "[t]he owner appealing shall, within ten days from the levy of such special assessment, file a notice of appeal" and that "such appeal shall be prosecuted without delay." Additionally, there is nothing in the deferral statutes which purports to suspend the right to challenge the assessments. It should be recognized that the deferred status will generally be effectuated before the landowner knows the amount assessed, since under § 19-2429, application for deferral must be made within 90 days of the creation of the paving district. The appellant's contention would put the landowner in the untenable situation of having waived challenge to the assessment before knowing the amount of the assessment or the manner in which it was levied. Finally, the assessment, although deferred, could affect the marketability or value of the land for uses which are other than agricultural. For these reasons the appellees' right to bring the

initial challenge under § 19-2422 was not waived by reason of their attaining a deferred status under §§ 19-2428 to 19-2431.

The appellant's final assignments of error concern the district court's ruling. After a trial de novo on appeal, pursuant to § 19-2422, the district court vacated and set aside the assessment and in so doing said:

> The defendant [City of York] has the burden of proof to show an assessment is equal to special benefits conferred by the improvement upon the property assessed. This would be measured by the difference in the fair market value of the property assessed before and after the improvement, considering its highest and best use.
>
> To equate special benefits conferred to a proportional front footage cost without consideration of present or future use is pure speculation, conjecture and guess.

The appellant asserts that the court's ruling was erroneous both as to the burden of proof and as to the method of valuation of the special benefits. We agree. The City of York does not have the burden to show that the special assessment was valid. Rather, it is the property owner who challenges the special assessment, in this case the Browns, who has the burden of establishing its invalidity. *Bitter v. City of Lincoln*, 165 Neb. 201, 85 N.W.2d 302 (1957); *Chicago & N. W. R. Co. v. City of Albion*, 109 Neb. 739, 192 N.W. 233 (1923).

The amount of the special assessment cannot exceed the amount of benefit conferred on the property assessed. *Briar West, Inc. v. City of Lincoln*, 206 Neb. 172, 291 N.W.2d 730 (1980); Neb. Rev. Stat. § 16-615 (Reissue 1983). Absent evidence to the contrary, however, it will be presumed that the amount of the special assessment was arrived at with reference only to the benefits which accrued to the property affected. *Bitter v. City of Lincoln, supra*.

In *Chicago & N. W. R. Co. v. City of Albion, supra*, the property owner asserted that the special assessments were based solely on the cost of the project and should therefore be set aside. In that case the court held:

> Unless there are circumstances which show that the special benefits found are excessive and unreasonable in amount, all things being considered, a finding by the board which

in substance is based on the idea that the paving has added to the value of the lot a sum equal to the proportionate cost of the improvement is not so unreasonable as to justify setting the assessment aside for that reason alone. *Id*. at 743, 192 N.W. at 234.

The board of equalization's valuation of the benefits conferred is not limited, as the district court's ruling might suggest, to the present use made of the improvement, but extends to the use which might reasonably be made of the improvement in the future. *Nebco, Inc. v. Speedlin*, 198 Neb. 34, 251 N.W.2d 710 (1977).

Had the district court's only error been as to the validity of the assessment, the above-mentioned principles would have warranted reversal, with an order to reinstate the assessment. However, the district court's error as to the burden of proof may have prejudiced the amount and type of evidence presented below. As such, the order of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

CAPORALE and GRANT, JJ., not participating.