SHIRLEY A. PURDY AND ANITA PEARSON, APPELLEES, V. CITY OF YORK, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT.

500 N.W.2d 841

Filed June 11, 1993.   No. S-91-059.

Vincent Valentino, of Angle, Murphy, Valentino & Campbell, P.C., for appellant.

John R. Brogan for appellees.

Richard J. Pedersen and Carol C. Knoepfler, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for amicus curiae League of Nebraska Municipalities.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

LANPHIER, J.
The defendant, the City of York, Nebraska (City), appeals from a judgment of the district court for York County vacating and setting aside a special assessment levied against the property of the plaintiffs, Shirley A. Purdy and Anita Pearson, for the construction of water extension district No. 88-2. The district court found that the ordinance creating water extension district No. 88-2 was null and void because the City failed to comply with the notice provisions of Neb. Rev. Stat. § 16-667.01 (Reissue 1991). We reverse, and remand with directions.

## BACKGROUND
The City created water extension district No. 88-2 by ordinance No. 1561 on November 12, 1987. After the adoption of the ordinance, it was published in the York News-Times on November 19, 1987. The City did not mail a copy of the ordinance to the property owners included within district No.

88-2, nor was any other notice of the creation of the district provided.

On June 29, 1989, after the construction required to build district No. 88-2 had been completed, the mayor and city council sat as a board of equalization to levy special assessments against each of the properties included in the district. Notice of this meeting was sent to all affected property owners, including the appellees, by certified mail. The appellees appeared by counsel at this meeting, where their property was assessed $2,476.85. Thereafter, the appellees and some 36 other parties filed a notice of appeal and a cost bond with the city clerk. A petition was then filed with the district court, praying that the ordinance creating district No. 88-2 and the assessments resulting therefrom be declared void.

Trial was held in the district court for York County on October 25, 1990, and on January 8, 1991, the district court found that the failure of the City to mail notice of ordinance No. 1561 to the property owners affected by district No. 88-2, as required by § 16-667.01, rendered the creation of the district null and void. The special assessments resulting from the district were therefore vacated and set aside.

## ASSIGNMENTS OF ERROR

The City assigns four errors, contending that the district court erred in (1) exercising jurisdiction over this appeal, as it lacked subject matter jurisdiction; (2) ruling that § 16-667.01 applies to water districts created under Neb. Rev. Stat. § 19-2401 et seq. (Reissue 1991); (3) determining that the creation of district No. 88-2 was null and void; and (4) failing to determine that the appellees' property was now or in the future would be benefited by the water district.

## STANDARD OF REVIEW

In an appeal from the levy of special assessments, the party contesting the assessment has the burden of showing invalidity. *Brown v. City of York*, 227 Neb. 183, 416 N.W.2d 574 (1987). In all appeals of such actions, an appellate court must, upon review de novo on the record, retry the issues of fact involved and reach an independent conclusion as to the findings required under the pleadings and all the evidence, without reference to

the conclusion reached by the district court or the fact that there may be some evidence in support thereof. See, *Equitable Life v. Lincoln Cty. Bd. of Equal.*, 229 Neb. 60, 425 N.W.2d 320 (1988); *Garden Dev. Co. v. City of Hastings*, 231 Neb. 477, 436 N.W.2d 832 (1989); § 19-2422; Neb. Rev. Stat. § 25-1925 (Cum. Supp. 1992).

## NOTICE NOT REQUIRED

The principal issue in this case is whether the City was required to give notice to the property owners in the district at the time ordinance No. 1561 creating district No. 88-2 was enacted. The appellees argue that pursuant to § 16-667.01, notice of ordinance No. 1561 and a copy of § 16-667.01 should have been mailed to them within 20 calendar days of the ordinance's adoption. Section 16-667.01 provides in part: "Upon formation by city ordinance of . . . water service districts *as described by section 16-667*, the city shall mail copies of such city ordinance and this section to the owners of the record title of any property . . . within such district within twenty calendar days of the passage of the ordinance." (Emphasis supplied). The City contends on appeal that because the water district at issue was created under § 19-2401 et seq., notice to the affected property owners under § 16-667.01 was not required. We agree.

This court has recognized three separate avenues by which water districts may be created. See *First Assembly of God Church v. City of Scottsbluff*, 203 Neb. 452, 279 N.W.2d 126 (1979). First, they may be created by cities of the first class under Neb. Rev. Stat. §§ 16-667 (Reissue 1991) and 16-667.01. When a district is created under § 16-667, notice must be given to affected property owners within 20 days of the passage of the ordinance. The formation of the district may thereafter be stopped by petition of a majority of the abutting property owners. See § 16-667.01. Second, water districts may be created under Neb. Rev. Stat. §§ 18-401 to 18-411 (Reissue 1991), which authorize cities of all classes to create water main districts and cause extensions or enlargements of water mains to be made. Notice of the district must then be published, and after such publication, affected property owners have 30 days to file

a written protest. An ordinance creating a district under § 18-401 et seq. may be repealed by a filing of a protest by a majority of the abutting property owners. See § 18-404. Finally, §§ 19-2401 to 19-2407 authorize cities of the first or second class or villages to extend water service by creating water extension districts. Water districts under § 19-2401 et seq. may be created only by petition of the owners of two-thirds of the abutting property or by a positive three-fourths vote of the mayor and city council. No notice of the creation of the district is required. "We think the proper construction of these statutes is that they provide alternative methods for a city of the first class to construct and finance improvements to the water system." *City of Scottsbluff*, 203 Neb. at 456, 279 N.W.2d at 129.

Accordingly, while the City could have established district No. 88-2 under § 16-667 or § 18-401 et seq., where notice would have been required, it chose instead to proceed under § 19-2401 et seq., where the creation of a water district can be accomplished by the adoption of an ordinance by a three-fourths vote of the mayor and city council. The statutory scheme of § 19-2401 et seq. provides in part: "Whenever the mayor and council of any city of the first or second class . . . shall deem it necessary and advisable to extend municipal water service . . . to territory beyond the existing systems, such municipal officials may, by ordinance, create a . . . water extension [district] . . . ." § 19-2402.

> Unless the owners of lots and lands . . . within said extension district, representing not less than two-thirds of the front footage . . . which will become subject to an assessment for the cost of the improvement, shall petition the municipality to lay a . . . water extension main . . . and assess the cost thereof to the abutting lands and lots, such improvement shall not be made until not less than three-fourths of all of the members of the mayor and council . . . by vote, assent to the making of the same . . . .

§ 19-2403.

Ordinance No. 1561, which created district No. 88-2, was adopted by a unanimous vote of the council on November 12, 1987, surpassing the three-fourths requirement of § 19-2403.

After district No. 88-2 was completed, notice of the proposed assessments against the property owners within the district was given by certified mail to all affected property owners. At a meeting on June 29, 1989, the council and mayor, sitting as a board of equalization, met and assessed the properties found to be benefited within the district. The appellees appeared by counsel and participated in the hearing. These actions show substantial compliance with § 19-2401 et seq., as asserted by the City.

A municipality creating a district for water improvement does not have to comply with the requirements of all of the contingent statutes on the subject. As noted above, §§ 16-667, 18-401, and 19-2402 are quite clearly independent, distinct, and complementary statutes. There is nothing in the language of any of these which makes it rely upon the others. The sections are all mutually exclusive, and there is no requirement that a city comply with *all* of them in order to create a water extension district. Compliance with one, as here, is sufficient. Accordingly, we reverse the district court's holding that the City was required to comply with the notice requirements of § 16-667.01 when it created district No. 88-2.

The appellees contend that the City did not provide them with notice of the creation of the district because it "wanted to conceal the creation of the district from the property owners in the district, and thereby avoid a remonstrance." Brief for appellees at 11. In response, we restate the rule set forth in *First Assembly of God Church v. City of Scottsbluff*, 203 Neb. 452, 455, 279 N.W.2d 126, 128 (1979), which provides that "[t]here is no constitutional requirement that property owners be given notice of the creation of an improvement district although creation of the district may foreclose any opportunity of the property owners to protest the making of the improvement."

### APPELLEES' PROPERTY BENEFITED

The City also assigned as error the district court's failure to determine that the appellees' property was now or in the future would be benefited by district No. 88-2. In their petition, appellees contended that "[t]he assessment against [appellees'] real estate substantially exceeds the amount of any special

benefits accruing to [appellees'] property." This court addressed a similar contention in *North Platte, Neb. Hosp. Corp. v. City of North Platte*, 232 Neb. 373, 375, 440 N.W.2d 485, 487 (1989), where we held that "[w]here it is alleged and proven that the physical facts are such that the property was not and could not be specially benefited, the levy may be held to be arbitrary, constructively fraudulent, and therefore void."

Several witnesses, including York's city public works director, the fire chief of the City of York, a professional engineer, and a licensed appraiser testified the appellees received present and likely future special benefits from district No. 88-2. They testified as to numerous benefits which district No. 88-2 would bring to appellees' property, including enhanced fire protection, lower insurance rates, enhanced water quality, economical water service, and enhanced property values. Testimony showed the assessment of $13.50 per frontage foot was more than reasonable when compared with the actual cost of the district.

It is a question of fact whether or not a property which has been specially assessed has benefited or will benefit from an improvement project. See *Nebco, Inc. v. Speedlin*, 198 Neb. 34, 251 N.W.2d 710 (1977). In the instant case, we find appellees' property will receive special benefits from the improvement project at issue. Accordingly, as appellees failed to prove otherwise, we find their argument to declare the assessment void on this basis to be without merit.

## CONCLUSION

As our finding that the City was without a duty to provide notice of the creation of district No. 88-2 is dispositive of the City's additional assignments of error, we do not reach them here. A question has been raised regarding whether a transcript of proceedings was filed in the requisite time so as to perfect the appeal. The transcript is undated, and the clerk of the district court did not stamp the date it was filed. We note in passing that while § 19-2425 undoubtedly requires that an appellant file both his petition on appeal and a transcript of the proceedings within 30 days from the levy of a special assessment, it is also well established that where a duty is placed upon a public

officer to perform acts necessary to perfect an appeal, his failure to perform cannot be charged to the litigant or operate to defeat the appeal. See *Harte v. Gallagher*, 186 Neb. 141, 181 N.W.2d 251 (1970).

The judgment of the district court, which vacated and set aside the special assessment against the property of appellees, is reversed and the cause remanded with directions that the assessment levied by the City be reinstated.

REVERSED AND REMANDED WITH DIRECTIONS.

CAPORALE, J., not participating.