BRIAN T. BENNETT AND MARY JO BENNETT, HUSBAND AND WIFE, ET AL., APPELLANTS, V. BOARD OF EQUALIZATION OF CITY OF LINCOLN, NEBRASKA, AND CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEES.

515 N.W.2d 776

Filed May 6, 1994.   No. S-93-606.

J. Michael Rierden for appellants.

William F. Austin, Lincoln City Attorney, and Don W. Taute for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J.

The issue in this appeal is whether the appellants' properties received a special benefit for which assessments for nearby paving could be made against the properties.

The City of Lincoln (City) imposed a 9-cent-per-square-foot special assessment against the real estate of each of the appellants after the City paved 27th Street south from Old Cheney Road to the southern boundary of Southern Hills 1st Addition.

The assessments were upheld by the district court for Lancaster County and upon appeal by the Nebraska Court of Appeals. We granted appellants' petition for further review.

## ASSIGNMENTS OF ERROR

To dispose of appellants' petition for further review, we need only consider appellants' first assignment of error, that the Court of Appeals erred in finding that the appellants received special benefits from the paving of South 27th Street beyond those received by the general public.

After a de novo review of the record, we reverse the Court of Appeals' decision. That court is instructed to remand the cause to the district court for Lancaster County with direction to void the special assessments against the appellants' properties.

## STANDARD OF REVIEW

An appeal from a board of equalization's levy of special assessments is heard in the district court as in equity and without a jury. Neb. Rev. Stat. § 15-1205 (Reissue 1991). In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided where credible evidence is in conflict on material issues of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. See, *Purdy v. City of York*, 243 Neb. 593, 500 N.W.2d 841 (1993); *Garden Dev. Co. v. City of Hastings*, 231 Neb. 477, 436 N.W.2d 832 (1989); *Equitable Life v. Lincoln Cty. Bd. of Equal.*, 229 Neb. 60, 425 N.W.2d 320 (1988).

## FACTS

In December 1987, the City of Lincoln passed an ordinance creating a district for the paving of South 27th Street from Old Cheney Road to the southern boundary of Southern Hills 1st Addition. The district included properties within 200 feet on either side of the centerline of South 27th Street. In addition, the district included Lots 9 through 14 and portions of Lots 8 and 15 around Norman Circle in the Chez Ami Knolls 5th Addition, even though these lots or portions of them are more than 200 feet from the centerline of South 27th Street.

After completion of the paving and improvements authorized under the ordinance, the City passed a resolution proposing to levy special assessments against the property within the paving district. The City calculated the proposed special assessment rate by reducing the estimated construction cost by one-half as credit for existing adjacent paving and then deducting one-third of the remainder of that amount for lack of direct vehicular access to the newly paved South 27th Street. The remaining portion of the estimated cost was divided by the total square footage of the property within the assessment area, to arrive at an assessment rate of 9 cents per square foot.

Following a hearing on the proposed assessments, the Lincoln City Council, sitting as a board of equalization, levied a 9-cent-per-square-foot assessment against the property within

the paving district. Assessment on property in the district totaled $80,726.12, or about 18.425 percent of the $438,134.62 total cost of paving and improving South 27th Street. The remaining cost of the paving and improvements, $357,408.50, was paid by the City.

Pursuant to Neb. Rev. Stat. § 15-1201 et seq. (Reissue 1991), the appellants, 24 couples and individuals who owned property within the paving district, appealed their assessments to the district court for Lancaster County. In their appeal, they claimed they had received no special benefits from the project beyond those enjoyed by the general public and that the City's designation and assessment of property within the paving district was arbitrary, capricious, unreasonable, illegal, and void.

The district court first ruled in favor of the appellants. Later, the court sustained the City's motion for a new trial. Following the new trial, the district court affirmed the City's assessments. The appellants' motion for new trial was denied. On appeal to the Court of Appeals, the appellants argued, inter alia, that the district court erred in finding that the appellants received special benefits from the paving project beyond those enjoyed by the general public.

## ANALYSIS

Special assessments are charges imposed by law on land to defray the expense of a local municipal improvement on the theory that the property has received special benefits from the improvements in excess of the benefits accruing to property or people in general. *North Platte, Neb. Hosp. Corp. v. City of North Platte*, 232 Neb. 373, 440 N.W.2d 485 (1989); *Nebco, Inc. v. Speedlin*, 198 Neb. 34, 251 N.W.2d 710 (1977).

The foundation for a local assessment lies in the special benefits conferred by the improvement upon the property assessed, and an assessment beyond the benefit so conferred is a taking of property for public use without compensation and, therefore, illegal. *Briar West, Inc. v. City of Lincoln*, 206 Neb. 172, 291 N.W.2d 730 (1980).

The amount of the special assessment cannot exceed the amount of benefit conferred. See Neb. Rev. Stat. §§ 15-701

through 15-701.02 (Reissue 1991) (authorizing cities of the primary class, such as Lincoln, to pave and improve streets and to assess the cost of such improvements, *proportionate to the benefits conferred*, on the property benefited).

> An assessment may not be arbitrary, capricious, or unreasonable but the law does not require that a special assessment correspond exactly to the benefits received. . . . The most any officer or any tribunal can do in this regard is to estimate the benefits to each tract of real estate upon as uniform a plan as may be in the light afforded by available information.

*Bitter v. City of Lincoln*, 165 Neb. 201, 208-09, 85 N.W.2d 302, 307-08 (1957).

Absent evidence to the contrary, it will be presumed that a special assessment was arrived at with reference only to the benefits which accrued to the property affected. *Brown v. City of York*, 227 Neb. 183, 416 N.W.2d 574 (1987). The validity of an assessment is further aided by the presumption of law that all real estate is benefited to some degree from the improvement of a street or alley on which it abuts or from a like improvement made in a district of which the property assessed is a part. *Bitter, supra*.

A party challenging a special assessment has the burden of establishing its invalidity. See, *Brown, supra; Bitter, supra*. It is a question of fact whether a property which has been specially assessed has or will benefit from an improvement project. See, *Purdy v. City of York*, 243 Neb. 593, 500 N.W.2d 841 (1993); *North Platte, Neb. Hosp. Corp., supra; Nebco, Inc., supra*.

We begin our analysis of this case with an examination of the City's decision to include within the paving district Lots 9 through 14 and portions of Lots 8 and 15 around Norman Circle, while excluding other similarly situated property.

South 27th Street is a main arterial street which at the time of trial was scheduled to join Interstate 80 to the north. In addition, the street provides access to the intersection of South 27th Street and Pine Lake Road, an area designated even before the time of trial for construction of a multiuse regional shopping center. Thus, the general public has benefited by the paving of South 27th Street. The City contends, however, that

the paving and improvement of South 27th Street benefited the assessed property in the district by (1) reducing dust, (2) improving drainage, (3) providing easier access for emergency vehicles to the area, and (4) improving the area's appearance. Even assuming arguendo that the paving district in general was so benefited, none of these special benefits supports the City's decision to levy special assessments against the properties around Norman Circle. If such special benefits had been conferred on the lots around Norman Circle, then the same four benefits would have also been conferred upon all other property that is the same distance from South 27th Street as are the assessed lots around Norman Circle. Such similarly situated property would include lots to the north and south of Norman Circle on the west side of South 27th Street and lots all along the paving district on the east side of South 27th Street.

The City did not assess any property beyond 200 feet from the centerline of South 27th Street other than the lots around Norman Circle. The City claims that it did so because South 27th Street is the *only* street from which the owners of the assessed property around Norman Circle can enter and exit their properties. Therefore, the City determined that the paving and improvement of South 27th Street conferred upon those lots a special benefit for which they could be specially assessed.

We find that this alleged benefit of access from Norman Circle to South 27th Street also fails to support the City's decision to assess the lots around Norman Circle. Even before South 27th Street was paved, Norman Circle had been paved and the properties around it had access to South 27th Street. The paving of South 27th Street conferred no greater benefit of access to South 27th Street upon the lots around Norman Circle than it did upon, for example, those lots along Jane Lane, Jacquelyn Drive, and Cindy Drive that are the same distance from South 27th Street as are the assessed lots around Norman Circle. The owners of all these lots have the benefit of traveling the same distance from their properties to the improved and paved South 27th Street.

We are mindful of the presumption in favor of an assessment's validity and that the burden is upon the property owner challenging an assessment to establish the assessment's

invalidity. However, in this case, the City drew the lines of the paving district to exclude property located the same distance from the improved street and benefited in the same way as property included within the district. The City failed to estimate the benefits to each tract of real estate upon as uniform a plan as it could have in light of available information. We find, as a matter of law, such gerrymandering of paving district lines to be arbitrary, capricious, and unreasonable.

With regard to the remainder of the paving district, we find that the appellants met their burden of establishing the invalidity of the special assessments. Six owners of property within the district testified at trial for the appellants. In sum, the property owners disputed that they had benefited from the paving and improvement of South 27th Street through dust reduction or drainage improvements. The property owners testified that dust from South 27th Street was not a problem before it was paved and that any dust that did exist was generated by the numerous construction projects in the area. The property owners also testified that rather than improving drainage, the paving of South 27th Street created or exacerbated drainage problems in the area. More importantly, the property owners testified that the paving had burdened their properties by dramatically increasing traffic volume on South 27th Street. One property owner testified that the value of his home had decreased by $3,000 because of the increased traffic.

The City does not dispute that traffic on South 27th Street has increased significantly since it was paved. The City's traffic engineer testified that prior to the street's being paved, only about 485 vehicles per day traveled on South 27th Street from Old Cheney Road to Jane Lane. After South 27th Street was paved, traffic volume increased to 3,600 vehicles per day. The City offered evidence reflecting that despite this dramatic increase in traffic, the paving of South 27th Street had reduced dust in the area to one-seventh of what it had been prior to paving. The City also produced evidence that to improve drainage in the area, the City had filled in ditches alongside South 27th Street and installed additional storm sewer pipes and inlets.

In light of this evidence, including the conflicting evidence regarding dust reduction and drainage improvements, the district court found that the appellants' properties had received special benefits from the paving of South 27th Street in excess of the benefits conferred upon the general public. Giving weight to the fact that the trial judge heard and observed the witnesses and accepted one version the facts rather than another, we agree that the appellants were benefited in some degree by dust reduction and drainage improvements. However, such benefits are greatly outweighed by the detriments to appellants' properties caused by the paving of 27th Street, which increased vehicular traffic more than sevenfold. We find that the burden imposed on the appellants' properties by a 742-percent increase in traffic clearly outweighs any benefits of dust reduction or drainage improvements. Because the burden of heavy traffic imposed on appellants' properties outweighs any special benefits to those properties, the appellants' properties received no benefits from the paving project in excess of the benefits conferred upon the general public. Absent such excess benefits, a special assessment against the appellants' properties is arbitrary, capricious, unreasonable, and void.

## CONCLUSION

We reverse the Court of Appeals' decision and remand the cause to that court with direction to remand the cause to the district court for Lancaster County with direction to vacate the special assessments levied against the appellants' properties by the City's board of equalization.

REVERSED AND REMANDED WITH DIRECTION.

WRIGHT, J., not participating.