NEBCO, INC., APPELLANT, V. BOARD OF EQUALIZATION OF
CITY OF LINCOLN, NEBRASKA, AND CITY OF LINCOLN,
NEBRASKA, A MUNICIPAL CORPORATION, APPELLEES.

547 N.W.2d 499

Filed May 17, 1996.   No. S-94-263.

James W. Hewitt for appellant.

William F. Austin, Lincoln City Attorney, and Don W. Taute for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

Plaintiff, NEBCO, Inc., appeals a decision of the district court for Lancaster County which affirmed a paving assessment against unimproved property made by the Lincoln City Council sitting as a board of equalization.

NEBCO owns approximately 150 acres of farmland on the northern edge of Lincoln. The property is unimproved, undivided, and unplatted farmland zoned "agricultural."

On July 2, 1990, the Lincoln City Council passed ordinance No. 15603, which created paving district No. 2561, established the boundaries of the paving district, designated the property to be benefited by the paving improvement, and provided for the payment of the cost thereof.

In 1991, north 70th Street, a section of which abuts the NEBCO property, was paved as part of paving district No. 2561. The easterly 183 feet of the NEBCO property, which included 33 feet of the right-of-way of 70th Street, was assessed $48,681.09 by the board to pay for the paving. NEBCO appealed to the district court, pursuant to Neb. Rev. Stat. § 15-1205 (Reissue 1991). That court affirmed the decision and overruled NEBCO's motion for new trial. NEBCO timely appealed the decision. We removed the case from the Nebraska Court of Appeals' docket under our power to regulate the dockets of the lower courts.

## BACKGROUND

In its opinion, the district court found:

The plaintiff [NEBCO] is the owner of the East 350 feet of the South Half of the Northeast Quarter, Section 33, Township 11 North, Range 7 East, Lancaster County, Nebraska [the plaintiff's real estate]. On July 2, 1990, the City Council adopted Ordinance No. 15603, which created Paving District No. 2561. Ordinance No. 15603 authorized the paving of North 70th Street, Lincoln, Nebraska, from approximately 2,130 feet north of Fletcher Avenue to Salt Creek and specifically designated various properties which would be benefitted by the paving of North 70th Street, including a part of the plaintiff's real estate. Additionally, Ordinance No. 15603 provided that the cost of paving North 70th Street would be paid for through the imposition of special assessments against the properties within the paving district boundaries, in proportion to the benefits conferred upon the properties.

Subsequent to the construction of the paving of North 70th Street, pursuant to Paving District No. 2561, the Board of Equalization, on April 6, 1992, assessed the cost thereof, based upon benefit, against various properties. A part of the plaintiff's real estate was assessed $48,681.09.

. . . .

The plaintiff's real estate is zoned "Agricultural," is unimproved and is currently farmed by a tenant. . . .

Exhibit 5 is an aerial photograph of the area included within Paving District No. 2561 and the surrounding area. It shows industrial development east and in the vicinity of the plaintiff's real estate. In addition, as part of its viewing of the area, the court noted that a new truck sales and service business has been constructed on a parcel of real estate located on, or contiguous to, the northwest corner of the real estate located within Paving District No. 2561. The real estate on which this new business is located had its zoning changed to "Industrial" from "Agricultural."

. . . In this case, the plaintiff's expert testified that it would be over ten years before the area would develop industrially; however, development to the north has occurred and, according to the defendants' witnesses, is projected within the foreseeable future.

The court finds that the plaintiff's real estate has received benefit from Paving District No. 2561. Also, the court finds that the plaintiff has not presented evidence sufficient to rebut the presumption that the amount of the assessment levied correlated with the amount of the benefit the plaintiff's real estate received from Paving District No. 2561.

NEBCO filed a motion for new trial and in doing so alleged for the first time that the splitting off, or severance, of its property by the board was improper. In overruling the motion, the district court stated that "[t]o adhere to the plaintiff's argument would result in either the entire tract being assessed or none of the tract being assessed. The court finds neither of the alternatives to be reasonable."

## ASSIGNMENTS OF ERROR

NEBCO assigns as error:

(1) The court erred in allowing a small parcel of a farm that is farmed as a total unit to be split off from the whole for the purpose of determining benefits resulting from the 70th Street paving[.]

(2) The court erred in finding that any present or future benefit accrued either to the small severed parcel or to the farm as a whole.

(3) The court erred in finding that NEBCO did not present sufficient evidence to rebut any presumption that the amount of cost it was assessed was equivalent to the benefit to the property.

## STANDARD OF REVIEW

An appeal from a board of equalization's levy of special assessments is heard in the district court as in equity and without a jury. § 15-1205. In an appeal of an equity action, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Whitten v. Malcolm*, 249 Neb. 48, 541 N.W.2d 45 (1995); *City of Lincoln v. Townhouser, Inc.*, 248 Neb. 399, 534 N.W.2d 756 (1995); *Walker v. Walker Enter.*, 248 Neb. 120, 532 N.W.2d 324 (1995); *Winberg v. Cimfel*, 248 Neb. 71, 532 N.W.2d 35 (1995); *University Place-Lincoln Assocs. v. Nelsen*, 247 Neb. 761, 530 N.W.2d 241 (1995).

## ANALYSIS

Special assessments are charges imposed by law on land to defray the expense of a local municipal improvement on the theory that the property has received special benefits from the improvements in excess of the benefits accruing to property or people in general. *Bennett v. Board of Equal. of City of Lincoln*, 245 Neb. 838, 515 N.W.2d 776 (1994); *North Platte, Neb. Hosp. Corp. v. City of North Platte*, 232 Neb. 373, 440 N.W.2d 485 (1989); *Nebco, Inc. v. Speedlin*, 198 Neb. 34, 251 N.W.2d 710 (1977).

The foundation for a local assessment lies in the special benefits conferred by the improvement upon the property assessed, and an assessment beyond the benefit so conferred is a taking of property for public use without compensation and,

therefore, illegal. *Briar West, Inc. v. City of Lincoln*, 206 Neb. 172, 291 N.W.2d 730 (1980).

The amount of the special assessment cannot exceed the amount of benefit conferred. *Bennett, supra.* See Neb. Rev. Stat. §§ 15-701 through 15-701.02 (Reissue 1991) (authorizing cities of primary class, such as Lincoln, to pave and improve streets and to assess cost of such improvements, proportionate to benefits conferred, on property benefited).

> "An assessment may not be arbitrary, capricious, or unreasonable but the law does not require that a special assessment correspond exactly to the benefits received. . . . The most any officer or any tribunal can do in this regard is to estimate the benefits to each tract of real estate upon as uniform a plan as may be in the light afforded by available information."

*Bennett*, 245 Neb. at 842, 515 N.W.2d at 779 (quoting *Bitter v. City of Lincoln*, 165 Neb. 201, 85 N.W.2d 302 (1957)).

Absent evidence to the contrary, it will be presumed that a special assessment was arrived at with reference only to the benefits which accrued to the property affected. *Bennett, supra; Brown v. City of York*, 227 Neb. 183, 416 N.W.2d 574 (1987). The validity of an assessment is further aided by the presumption of law that all real estate is benefited to some degree from the improvement of a street or alley on which it abuts or from a like improvement made in a district of which the property assessed is a part. *Bennett, supra; Bitter, supra.*

Reasonable prospective uses of the property may be considered in determining whether the property has benefited. *Brown, supra.* See, also, *Grube v. City of Ogallala*, 223 Neb. 640, 392 N.W.2d 380 (1986).

A party challenging a special assessment has the burden of establishing its invalidity. *Bennett, supra; Brown, supra; Grube, supra; Bitter, supra.* It is a question of fact whether a property which has been specially assessed has or will benefit from an improvement project. *Bennett, supra; Purdy v. City of York*, 243 Neb. 593, 500 N.W.2d 841 (1993); *North Platte, Neb. Hosp. Corp., supra; Grube, supra.* See, also, *Nebco, Inc., supra.*

The record does not contain evidence which would suggest that the board's action was arbitrary, capricious, or unreasonable. Unreasonableness can be shown if the board, in its assessment, treats similarly situated people differently. See *Bennett, supra.* However, the evidence in this case does not reflect that the Lincoln City Council treated the landowners along the paved portion of 70th Street unequally.

NEBCO argues that the board presented little evidence as to the reasonableness and validity of its actions. A party is not required to prove a fact when a presumption of the existence of that fact is in its favor. To the contrary, the challenging party is required to put forward sufficient evidence to rebut the presumption. The burden is on NEBCO to rebut the presumption that the assessment was valid. See, *Bennett v. Board of Equal. of City of Lincoln,* 245 Neb. 838, 515 N.W.2d 776 (1994); *Brown, supra*; *Grube, supra*; *Bitter, supra.*

The court's finding during its view of the property, documented in its orders, was that industrial development had occurred and was occurring adjacent to the NEBCO property. When the trial court has viewed the premises, the appellate court is required to consider any competent and relevant facts revealed by the view and any findings made by the trial court, provided that the record contains competent evidence to support the findings. *Riha v. FirsTier Bank,* 248 Neb. 785, 539 N.W.2d 632 (1995); *Romshek v. Osantowski,* 237 Neb. 426, 466 N.W.2d 482 (1991).

Based on our de novo review of the findings of the court compiled from the record and made during its view of the property, we find that NEBCO did not rebut the presumption that the assessment levied pursuant to the creation of paving district No. 2561 benefited NEBCO's real estate in the amount of the assessment.

NEBCO further argues that the court erred in allowing the board to sever a small portion of the property in order to assess the land for the benefit conferred. We agree with the trial court that to adopt NEBCO's argument would force the board to assess the whole tract or none of it. This result would be unacceptable. Further, § 15-701.02 specifically states, in relevant part:

The city council may fix the depth to which property may be charged and assessed for benefits, and to a greater depth than the lots fronting on the street, streets, alley, alleys, public grounds, public way or ways so improved and the determination thereof by the city council shall be conclusive.

In light of this explicit statutory authority, we find NEBCO's assignments of error on this issue without merit.

## CONCLUSION

NEBCO did not introduce sufficient evidence to rebut the presumption in favor of the validity of the assessment. Therefore, the judgment of the district court is affirmed.

AFFIRMED.

GERRARD, J., concurs in the result.