277 Neb. 481
MARLO JOHNSON AND JENNIFER JOHNSON, APPELLANTS,
v.
CITY OF KEARNEY, NEBRASKA, APPELLEE.
No. S-07-1194.
Court of Appeals of Nebraska.
Filed April 3, 2009.
Arthur R. Langvardt for appellants.
Justin R. Herrmann and Jeffrey H. Jacobsen, of Jacobsen, Orr, Nelson, Lindstrom & Holbrook, P.C., L.L.O., for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF THE CASE
Appellants, Marlo Johnson and Jennifer Johnson, challenged the creation of a paving and improvement district in general and the validity of a special assessment levied against their property in particular. After trial, the district court for Buffalo County concluded that the paving and improvement district was properly created, affirmed the special assessment, and entered judgment in favor of appellee, City of Kearney. Appellants appeal from this judgment, claiming both that the ordinance creating the district is void due to objections filed against the creation of the district pursuant to Neb. Rev. Stat. § 16-620 (Reissue 2007) and that the special assessment levied against appellants' property was excessive. Although we conclude that the district court did not have authority to consider the validity of the ordinance, we nevertheless conclude that the special assessment was proper and, therefore, affirm.

STATEMENT OF FACTS
Appellants are the owners of real estate abutting the east side of south Central Avenue in Kearney, Nebraska, described as "[t]he westerly 250 feet of Tax Lot 12, in Government Lot 8, in Section 12, Township 9 North, Range 16 West of the 6th P.M., Buffalo County, Nebraska, lying North of the North line of Talmadge Street, if extended." In this action, appellants are challenging the passage of the ordinance creating paving and improvement district No. 2000-822 along Central Avenue and the special assessment levied on their property described above.
Central Avenue is a north-south street. Appellants' property runs approximately from Interstate 80 on the south to a channel of the Platte River on the north. At the time the special assessment was levied on the property, appellants conducted various businesses on the property, including a fish hatchery, a "Fort Kearney Museum" tourist attraction, glass-bottom boat rides, a taxidermy studio, house rentals, and a commercial game farm. Appellants contend that most of their property at issue in this case consists of ponds or lakes.
On February 8, 2000, the Kearney City Council adopted ordinance No. 6621, which created paving and improvement district No. 2000-822. District No. 2000-822 called for the widening of a section of Central Avenue from a 24-foot-wide street to a 36-foot-wide street and also called for curbs, gutters, and new storm sewers.
Appellants prepared a written petition objecting to the proposed district and circulated the petition among the landowners abutting the affected portion of Central Avenue. Consistent with § 16-620, discussed below, the objections were filed with the Kearney city clerk within 20 days of the first publication of ordinance No. 6621. The parties stipulated at trial that the objections contained the signatures of more than 50 percent of the landowners subject to the special assessment.
The objections were filed pursuant to § 16-620 in an attempt to prevent the district from being constructed. Section 16-620 states:
If the owners of the record title representing more than fifty percent of the front footage of the property abutting or adjoining any continuous or extended street, cul de sac, or alley of the district, or portion thereof which is closed at one end, and who were such owners at the time the ordinance creating the district was published, shall file with the city clerk, within twenty days from the first publication of said notice, written objections to the improvement of a district, said work shall not be done in said district under said ordinance, but said ordinance shall be repealed. If objections are not filed against any district in the time and manner aforesaid, the mayor and council shall forthwith proceed to construct such improvement.
The 20-day period for filing objections to the ordinance creating the paving and improvement district ended on March 2, 2000. Following the filing of the objections, for reasons not clearly identified in the record, individuals requested that their names be withdrawn from the objections. On March 14, the city council met and accepted a report from the clerk to the effect that after the filing of the withdrawal letters, only 47.01 percent of the landowners were still objecting to the ordinance. Based on this recommendation, the city found that there were insufficient objections to the ordinance. Construction followed.
Two and a half years later and after construction of improvements, on November 12, 2002, the city council, sitting as a board of equalization, heard objections to a proposed special assessment to pay for the construction. Appellants appeared at the hearing and objected to the amount and validity of the proposed special assessment levied against their property. The council voted in favor of the special assessment and levied an assessment in the amount of $30,686.04 against appellants' property.
In their brief filed with this court, and at oral argument, appellants stated that they filed a notice of appeal in the district court for Buffalo County pursuant to Neb. Rev. Stat. §§ 19-2422 and 19-2423 (Reissue 2007), which permit a property owner to appeal the validity and the amount of a special assessment, and appellants paid the requisite $200. See § 19-2423. In their petition on appeal filed with the district court on December 11, 2002, appellants alleged that the ordinance creating the district should be repealed based on the objections filed under § 16-620 and further that the special assessment levied against their property was excessive.
A trial was held on July 23, 2007. The director of public works for the city and the city engineer testified as to the condition of the district prior to the paving project and stated that there was a 24-foot-wide asphalt road surface; the area was considered a rural section in the city; and much of Central Avenue in the district had ditches and grass, soil, and gravel shoulders. The director of public works testified that before the creation of the district, he had received a number of complaints from businesses concerned with mud, ponding of water, and the lack of drainage. The city officials testified that the district widened Central Avenue, eliminated the ditches, and replaced them with a new drainage system consisting of the widened concrete paved surface of the roadway itself and curbing and inlets facilitating drainage to the storm sewers. Appellants' property also received four concrete driveway approaches.
The city engineer testified as to the method for determining front footage in order to make the assessment. The city engineer prepared the original map for the district, which showed the front footage of various lots to be assessed within the district. He then eliminated from the measurements front footage of property that had been assessed for a state project completed 2 years earlier, in an effort not to assess property for improvements already made, and eliminated other front footage that was not assessable for various reasons. Appellants were assessed $30,686.04 for 691 feet of assessable front footage. The city engineer testified that this amounted to "$40.20. . . per foot" and that in his opinion, the nature of the benefits received by all landowners was equal.
Through their evidence, appellants attempted to show that prior to the creation of the district, there was essentially a newly paved 24-foot road. Appellants contested the city's assertion that there was ponding of water in the area where the district was built and challenged the need for new storm sewers. In argument, appellants challenged the ordinance and the creation of the district.
On October 26, 2007, the district court entered judgment in favor of the city. With respect to the propriety of the ordinance creating the district, the court concluded that objectors may properly withdraw their objections until such time as the city repeals the newly created ordinance. The court thereby approved of the ordinance and the creation of the district. The court next found that the paving project did in fact enhance appellants' property. Specifically, the district court noted that the road was widened; temporary asphalt was replaced with permanent concrete; roadside ditches were replaced with curbing, gutters, and additional drainage; soil and gravel were removed; and modern lighting was installed. The assessment was affirmed. Appellants appeal.

ASSIGNMENTS OF ERROR
Appellants contend that the district court erred by (1) concluding that the city council could consider withdrawals of previously filed written objections until such time as the city, should it choose, repeals the newly created ordinance and (2) finding that appellants' property received special benefit by reason of the work done under the paving and improvement district.

STANDARDS OF REVIEW
[1] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. McClellan v. Board of Equal. of Douglas Cty., 275 Neb. 581, 748 N.W.2d 66 (2008).
[2-4] In an appeal from the levy of special assessments, the party contesting the assessment has the burden of showing invalidity. See NEBCO, Inc. v. Board of Equal. of City of Lincoln, 250 Neb. 81, 547 N.W.2d 499 (1996). An appeal from a board of equalization is tried by the district court de novo. § 19-2422. On appeal from an action brought pursuant to § 19-2422, an appellate court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. See Purdy v. City of York, 243 Neb. 593, 500 N.W.2d 841 (1993). See, also, NEBCO, Inc., supra.

ANALYSIS
On appeal, appellants claim in general that the ordinance creating the paving and improvement district should have been repealed based on the number of objections initially filed pursuant to § 16-620 and, in particular, that the special assessment levied against appellants' property by the district created by the ordinance was excessive. The district court found that no procedural defect occurred in the creation of the paving and improvement district and that because the paving and improvement project did in fact enhance appellants' property, the special assessment levied on appellants' property was not excessive.

The District Court Had No Authority to Address the Validity of the Ordinance Creating the Paving and Improvement District.
In their brief to this court, and at oral argument, appellants state that their appeal to the district court was taken pursuant to §§ 19-2422 and 19-2423. Section 19-2422 states in part that
[a]ny owner of real property who feels aggrieved by the levy of any special assessment by any city of the first or second class or village may appeal from such assessment, both as to the validity and amount thereof, to the district court of the county where such assessed real property is located.
The city questions the authority of the district court to determine the validity of the ordinance creating the district in this case, which was filed under § 19-2422. We agree with the city that the district court did not have authority to rule on the propriety of the ordinance in this case brought under § 19-2422.
Appellants appear to believe that the language in § 19-2422, which allowed them as owners of real property to challenge in district court the validity and amount of a special assessment levied against them, also gave the district court jurisdiction over their challenge to the city council's underlying finding that there were an insufficient number of objections under § 16-620 to repeal the new ordinance and inhibit the creation of the paving and improvement district. Appellants' belief is in error.
By its terms, § 19-2422 gives the owner of real property the authority to challenge the validity and the amount of the levy assessed. Nowhere in the language of § 19-2422 does the statute give an owner of real property the authority to challenge a city council's determination as to the sufficiency of the objections filed under § 16-620 or the propriety of the ordinance and the creation of the district.
[5-7] This court has held that a city council's determination whether or not there are a sufficient number of objections to challenge an ordinance, and prevent a city from going forward with a paving district, is an exercise of the city council's judicial function. See Hiddleson v. City of Grand Island, 115 Neb. 287, 212 N.W.2d 619 (1927). When an entity such as a city council is exercising its judicial functions, the petition in error statute is the proper method for challenging such actions. Neb. Rev. Stat. § 25-1901 (Reissue 2008) states that "[a] judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court . . . ." A city council is a tribunal whose decision can be reversed, vacated, or modified through the petition in error process set forth in § 25-1901. See, e.g., Abboud v. Lakeview, Inc., 237 Neb. 326, 466 N.W.2d 442 (1991). A petition in error must be brought within 30 days of the decision sought to be challenged. Neb. Rev. Stat. § 25-1931 (Reissue 2008).
In this case, appellants should have challenged the city council's determination as to the sufficiency of the objections through the petition in error statute and should have done so within 30 days. Appellants' petition filed in December 2002 challenging the city council's March 2000 decision regarding the propriety of the newly enacted ordinance was out of time.
For completeness, we note that appellants refer us to Foote Clinic, Inc. v. City of Hastings, 254 Neb. 792, 580 N.W.2d 81 (1998), and suggest that their appeal is timely. However, in Foote Clinic, Inc. the appellants' challenge was brought as a declaratory judgment action, and appellants in this case acknowledged that they did not bring a declaratory judgment action. Foote Clinic, Inc. is therefore inapposite. Because the aspect of appellants' case challenging the validity of the ordinance was not timely, the district court was without authority to rule on the propriety of the city council's decision regarding the sufficiency of the objections under § 16-620. Appellants' challenge to this portion of the district court's decision is without merit.

The Special Assessment Levied Against Appellants' Property Was Not Excessive.
[8, 9] Special assessments are charges imposed by law on land to defray the expense of a local municipal improvement on the theory that the property has received special benefits from the improvements in excess of the benefits accruing to property or people in general. Bennett v. Board of Equal. of City of Lincoln, 245 Neb. 838, 515 N.W.2d 776 (1994). The amount of a special assessment cannot exceed the amount of benefit conferred on the property assessed. Id.; Brown v. City of York, 227 Neb. 183, 416 N.W.2d 574 (1987). We have observed:
"'An assessment may not be arbitrary, capricious, or unreasonable but the law does not require that a special assessment correspond exactly to the benefits received. . . . The most any officer or any tribunal can do in this regard is to estimate the benefits to each tract of real estate upon as uniform a plan as may be in the light afforded by available information.'"
NEBCO, Inc. v. Board of Equal. of City of Lincoln, 250 Neb. 81, 86, 547 N.W.2d 499, 503 (1996) (quoting Bennett, supra).
[10, 11] The board of equalization's valuation of the benefits conferred is not limited to the present use made of the improvement, but extends to the use which might reasonably be made of the improvement in the future. Brown, supra. Absent evidence to the contrary, it will be presumed that the amount of the special assessment was arrived at with reference only to the benefits which accrued to the property affected. Id. It is the property owner who challenges the special assessment who has the burden of establishing its invalidity. Id.
After our de novo review of the record, we cannot say the board's decision to approve the special assessment was arbitrary, capricious, or unreasonable. At trial, the city established that the paving and improvement district was essentially a rural section within the city limits and that much of Central Avenue in the district had ditches and grass, soil, and gravel shoulders. The city officials testified that there had been complaints about the ponding of water in ditches, the poor road conditions, and improper drainage in the district. The officials testified that the ponding of water created a problem with insects and debris gathering in the ditches and created icy conditions in the winter and that the poor road conditions created problems with dust and dirt.
The city then set forth evidence that the paving and improvement district made improvements to the property by widening the street, updating the sewage system, modernizing the lighting, and replacing dirt and soil with curbing. The officials testified that these improvements addressed many of the problems complained of by the residents and business owners. The city engineer also testified as to the method used in determining the amount of the assessment and the steps taken to ensure that the assessment was fair and uniform among all landowners assessed.
In response to the city's evidence, appellants claimed that the road the city replaced met their needs and did not need to be replaced, and challenged the city's contention that prior to the creation of the district, there was "ponding" on some of the land in the district. Appellants do not, however, argue that the city did not improve the road, and this court has held that there is a presumption at law that all real estate is benefitted to some degree from the improvement of a street or alley on which it abuts. See Bitter v. City of Lincoln, 165 Neb. 201, 85 N.W.2d 302 (1957).
The bulk of the evidence presented by appellants at trial was testimony by appellant Marlo Johnson that he had not experienced any drainage problems prior to the creation of the district, but had noticed standing water at some of his rental properties since the creation of the district. However, Marlo Johnson admitted that he was not aware whether individuals complained to the city of ponding. It is appellants' burden to rebut the presumption in favor of the assessment, and based on this record, appellants did not set forth sufficient evidence refuting the benefits of the improvement, as described by the city officials, or show that the assessment was arbitrary, capricious, or unreasonable. See NEBCO, Inc. v. Board of Equal. of City of Lincoln, 250 Neb. 81, 547 N.W.2d 499 (1996). Therefore, we conclude that appellants did not rebut the presumption that the assessment levied pursuant to the creation of paving and improvement district No. 2000-822 benefited appellants' property.

CONCLUSION
Although we conclude that the district court was without authority to determine the issue of the validity of the ordinance, we, nevertheless, affirm the decision of the district court which found that appellants did receive a benefit to their property and which affirmed the special assessment.
Affirmed.