JAMES C. RAY, APPELLANT, V. NEBRASKA CRIME VICTIM'S
REPARATIONS COMMITTEE, APPELLEE.
487 N.W.2d 590

Filed May 12, 1992.   No. A-90-325.

Dorothy A. Walker, of Mowbray & Walker, P.C., for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz for appellee.

CONNOLLY, IRWIN, and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.

Appellant, James C. Ray, filed a claim under the Nebraska Crime Victim's Reparations Act, which claim was denied by the Nebraska Crime Victim's Reparations Committee. The committee reports to the Nebraska Commission on Law Enforcement and Criminal Justice. The committee is composed of commission members. Neb. Rev. Stat. § 81-1802 (Reissue 1987). Ray appealed the decision to the district court for Lancaster County, naming the committee as the sole respondent. The committee made a special appearance, objecting to the court's jurisdiction on the ground that service of summons was not properly accomplished. The district court dismissed the action on February 27, 1990, at Ray's costs. Ray subsequently perfected this appeal. On appeal, Ray claims that the trial court erred in granting the special appearance and dismissing the case. For the reasons recited below, we affirm.

The determination of a district court's jurisdiction is a matter of law, and in reviewing the jurisdictional determination, an appellate court must reach an independent conclusion. *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989).

After Ray's claim for medical expenses was denied by the committee on the ground that Ray was not an "innocent victim," Ray sought judicial review in the nature of an appeal to the district court. Ray served summons upon the only party of record, the Nebraska Crime Victim's Reparations Committee, by directing service to its chairman, John Paris. There is no dispute that the committee, via Paris, was timely served. Whether Paris qua chairman should have been named and served separately is not before this court, and the court expresses no view thereon.

The committee, through the Attorney General, filed a special appearance, asserting that service on the committee is tantamount to service on a state agency and that service upon a state agency can be accomplished only by serving the Attorney General, pursuant to Neb. Rev. Stat. § 25-510.02 (Reissue 1989). At oral argument, Ray's counsel agreed that the committee is a state agency for purposes of § 25-510.02. The

statute provides in relevant part:

> (1) The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to . the office of the Attorney General.

Since the summons was initially served only on the chairman of the committee and not the Attorney General, the committee asserted that the district court did not have jurisdiction. The Attorney General further argued that subsequent and untimely service on the Attorney General did not cure the alleged jurisdictional defect.

On appeal, the committee asserts in its brief that § 25-510.02 "provides the *exclusive* means by which the State may be summoned into court. The Legislature has provided no other manner in which summons may be served in an action against the State, a State agency, or a State official." Brief for appellee at 5. The committee thus concludes that service is ineffective unless made on the Attorney General by the methods provided for under § 25-510.02(1). In contrast, Ray argues on appeal that because § 25-510.02 contains the word "may," service in this case on the Attorney General is discretionary. Accordingly, Ray contends that service in the usual civil manner, as provided by Neb. Rev. Stat. § 25-505.01 (Reissue 1989), and not on the Attorney General is also proper.

Neb. Rev. Stat. §§ 25-508.01 through 25-514.01 (Reissue 1989) provide for service on individuals, corporations, the state, political subdivisions, dissolved corporations, partnerships, unincorporated associations, and agents. According to the language of each of these sections, the object of service "may be served" by the functional equivalent of personal service, residential service, or certified mail. In the foregoing statutes, "may" qualifies the methods of acceptable service, not the entity to be served. An examination of § 25-510.02 individually and in the context of these service statutes supports the committee's argument that the Attorney

General must be served on behalf of the committee and that service on the Attorney General *may* be accomplished by one of the methods for which provision is made in § 25-510.02(1).

The Nebraska Supreme Court has held that, generally, the word "may" in a statute "will be given its ordinary, permissive, and discretionary meaning unless it can be shown that the intent of the drafters would be defeated by the application of such a meaning." *In re Application A-15738*, 226 Neb. 146, 158, 410 N.W.2d 101, 108 (1987). The intent of service of summons is to provide for notice of commencement or pendency of litigation to the parties. See *Heithoff v. Nebraska State Bd. of Ed.*, 230 Neb. 209, 430 N.W.2d 681 (1988). The legislative history of § 25-510.02 (1983 Neb. Laws, L.B. 447) makes clear that service on the state or its agencies, pursuant to § 25-510.02, was for the purpose of giving the state or its agencies adequate notice of the case against it. Judiciary Committee Hearing, L.B. 447, 88th Leg., 1st Sess. (Mar. 16, 1983). L.B. 447 sought to simplify service generally. *Id.* at 4. Specifically, L.B. 447 sought to eliminate ineffectual service, such as by posting, *id.* at 6-7, and inefficient service, such as by service on the Governor, *id.* at 9.

To summarize, the court finds that based on the facts of this appeal, the committee is a "state agency" for purposes of service under § 25-510.02 and that service should have been made on the Attorney General or as otherwise provided in § 25-510.02. The court notes that the expression "may be served" on the Attorney General, in § 25-510.02, qualifies the manner, not the object, of service and that such construction is supported by the legislative intent behind adoption of § 25-510.02.

The district court's dismissal of the case is affirmed.

AFFIRMED.