Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/08/2021 08:08 AM CDT

Main St Properties LLC, appellant, v.
City of Bellevue, Nebraska,
et al., appellees.

___ N.W.2d ___

Filed July 16, 2021.    No. S-20-802.

1.  **Jurisdiction: Appeal and Error.** A jurisdictional question that does not
    involve a factual dispute is determined by an appellate court as a matter
    of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2.  **Special Assessments: Municipal Corporations.** Neb. Rev. Stat.
    § 19-2422 (Cum. Supp. 2020) applies to and authorizes an appeal
    from a special assessment levied under the authority of Neb. Rev. Stat.
    § 18-1722(1) (Reissue 2012).

Appeal from the District Court for Sarpy County: Stefanie
A. Martinez, Judge. Reversed and remanded for further
proceedings.

Thomas G. Schumacher, Jason M. Bruno, and Robert S.
Sherrets, of Sherrets, Bruno & Vogt, L.L.C., for appellant.

Heather B. Veik, of Erickson & Sederstrom, P.C., for
appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Miller-Lerman, J.
                        NATURE OF CASE
Main St Properties LLC (MSP) appeals the order of the
district court for Sarpy County which dismissed MSP's

"Petition to Appeal Assessment of Bellevue Board of Equalization" for lack of jurisdiction. MSP wished to appeal a resolution of the City of Bellevue (City) which placed liens on property owned by MSP in order to collect costs that had been assessed for the demolition and removal of a structure on the property. MSP contends that the resolution levied a "special assessment" pursuant to Neb. Rev. Stat. § 18-1722 (Reissue 2012), and it sought appeal under Neb. Rev. Stat. § 19-2422 (Cum. Supp. 2020), which authorizes an appeal to the district court for "[a]ny owner of real property who feels aggrieved by the levy of any special assessment . . . ." The court determined that no special assessment was imposed and that therefore, § 19-2422 did not apply. The court sustained the City's motion to dismiss. In connection with its reasoning, the court concluded that MSP had failed to seek review as a petition in error under Neb. Rev. Stat. § 25-1901 et seq. (Reissue 2016 & Cum. Supp. 2020) and that the court therefore lacked subject matter jurisdiction.

We conclude that § 19-2422 authorized MSP's appeal of the resolution which levied a special assessment and placed a lien on the property. We therefore reverse the district court's dismissal based on lack of jurisdiction and remand the cause for further proceedings.

## STATEMENT OF FACTS

MSP owns real property located in Bellevue, Nebraska. In February 2020, the city council passed a resolution condemning a structure on MSP's property as being a public nuisance, unsafe for human occupancy, unsanitary, and in a dangerous condition. The resolution directed MSP to cause the structure to be torn down, the debris removed, and the premises placed in safe condition by March 4. When MSP failed to comply with the resolution, the City hired a contractor and had the structure demolished.

In June 2020, a building official for the City sent notice to MSP stating that MSP owed the City $25,320 for costs

the City incurred to demolish the structure. The notice stated that failure to reimburse the City would result in a lien being placed on the property. When MSP failed to pay the costs, the City set a hearing before the city council sitting as the Bellevue Board of Equalization (Board of Equalization). MSP appeared at the hearing held July 21 and generally argued that the contractor hired by the City failed to adequately perform the work and that additional work would be required to complete the demolition.

At the end of the hearing, the Board of Equalization passed a resolution dated July 21, 2020. The resolution of July 21 forms the basis of this appeal and, as explained below, levied a special assessment and placed a lien on the property. The resolution was signed by the mayor on behalf of the City, approved as to form by the city attorney, and attested to by the city clerk. The resolution stated that MSP had been billed by the City for costs of $25,320 associated with demolition and removal of the structure, that such costs had not been paid to the City, that MSP had been given notice of the hearing at which MSP "would have an opportunity to show cause why these costs should not be placed as liens against the properties," and that prior to the hearing, MSP had filed "written objections to the *assessment* of the costs" and "protest[ed] the City's lien against the property." (Emphasis supplied.) In the resolution, it was resolved that "the amounts as shown above for costs associated with the demolition and removal of a structure and associated clean-up costs at the locations identified above, be placed as liens against the properties so listed and that said liens shall draw interest." It was further resolved that

> notice of such lien shall be forwarded to the County Treasurer of Sarpy County, Nebraska with instructions to place upon the records in the office of the County Treasurer the imposition of these liens upon the properties listed and said County Treasurer shall be authorized to collect the payment of these liens, including interest, for the City.

On August 12, 2020, MSP filed a petition in the district court seeking review of the resolution. MSP titled the petition as "Petition to Appeal Assessment of Bellevue Board of Equalization" and named the City, the Board of Equalization, and the city clerk, Susan Kluthe, as defendants. MSP alleged that the court had jurisdiction of the appeal pursuant to § 19-2422, which provides for appeal of "any special assessment." MSP alleged that the July 21, 2020, resolution was a special assessment under § 19-2422 and that it "wrongfully and arbitrarily lev[ied] a lien in the amount of $25,320.00 against [MSP's] property."

Regarding the substance of its appeal, MSP alleged that the contractor hired by the City failed to complete its work on the property in various respects. MSP alleged that it had notified the City of the contractor's failures but that the City nevertheless sent MSP a notice that it was required to reimburse the City in full for costs the City had paid to the contractor. MSP alleged that it would cost at least $18,000 to correct the work performed by the City's contractor and to complete the demolition and removal. MSP alleged that it presented evidence of these allegations to the Board of Equalization at the July 21, 2020, hearing but that the Board of Equalization "wholly disregarded" the evidence.

With regard to procedural aspects of the appeal, MSP noted that pursuant to Neb. Rev. Stat. § 19-2423 (Cum. Supp. 2020), an owner appealing a special assessment pursuant to § 19-2422 must, within 10 days from the levy of the special assessment, file a notice of appeal with the city clerk and post a bond in the amount of $200. MSP further noted that pursuant to Neb. Rev. Stat. § 19-2424 (Cum. Supp. 2020), it was required to request and pay the estimated cost for preparation of a transcript, and that upon such request and payment, the city clerk was required to cause a complete transcript of the proceedings before the City to be prepared. MSP finally noted that pursuant to Neb. Rev. Stat. § 19-2425 (Cum. Supp. 2020), within 30 days of the special assessment being appealed pursuant to

§ 19-2422, it was required to file in the district court a petition on appeal together with a transcript of the proceedings before the City.

Regarding compliance with these requirements, MSP alleged that on July 29, 2020, its counsel attempted to hand deliver and file a notice of appeal, a request for transcript, and a $200 cash bond with the city clerk, Kluthe. MSP alleged that Kluthe "arbitrarily refused to accept" the filings, but that it nevertheless left the filings in the city clerk's office. MSP alleged that it followed up with Kluthe on August 3 to inquire when the transcript would be ready for MSP to pick up and that on August 7, Kluthe furnished MSP an audio file, but no formal transcript, of the hearing. MSP attached a copy of the audio file to its petition. MSP alleged that it had not received confirmation that Kluthe planned to prepare a transcript of the proceedings. MSP alleged that the City and Kluthe were "actively and purposely obstructing and interfering with MSP's rights to have its appeal heard and tried" by the district court.

MSP set forth two causes of action. In the first cause of action, MSP sought reversal of the July 21, 2020, resolution assessing costs of $25,320 and placing a lien on MSP's property. In the second cause of action, MSP sought a writ of mandamus to compel Kluthe to furnish a transcript of the hearing.

The defendants filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) (lack of subject matter jurisdiction) and § 6-1112(b)(6) (failure to state a claim). With regard to jurisdiction, the City alleged that MSP's attempt to appeal pursuant to § 19-2422 was erroneous because the City did not impose a special assessment against MSP's property. The defendants contended instead that the Board of Equalization acted in the exercise of its judicial functions. The defendants asserted that because the Board of Equalization was acting as a tribunal and exercising judicial functions, MSP's only remedy was to file a petition in error pursuant to § 25-1901 et seq. The defendants contended that because MSP had not filed a "Petition in Error," the district court lacked subject matter

jurisdiction. In their motion to dismiss, the defendants also asserted that MSP had failed to state a claim against Kluthe, that Kluthe was not a proper party to the action, and that MSP failed to allege the elements required for a writ of mandamus against Kluthe.

After a hearing, the district court sustained the defendants' motion to dismiss. In an order filed October 15, 2020, the court determined that it lacked jurisdiction. The court stated that MSP was challenging a decision made by the Board of Equalization "following a hearing during which MSP presented evidence and made arguments" and that in making the decision, "the City, through the [Board of Equalization], was exercising a judicial function." The court reasoned that because the Board of Equalization was acting in a judicial capacity, the petition in error statutes, § 25-1901 et seq., applied. The court stated that MSP's claims were "not properly pursued via a petition in error" and that, instead, MSP brought its claims "by way of a Petition to Appeal Assessment of the . . . Board of Equalization which is not a proper action and does not confer jurisdiction in this Court." The court found that § 19-2422 did not apply, "because there was no special assessment imposed." The court cited case law defining "special assessment" and determined that MSP had made no factual allegations to show that the resolution it sought to appeal was a "special assessment." The court concluded that "it [had] no jurisdiction and [was] without authority to grant any of the relief that MSP request[ed] in its appeal." The court therefore dismissed MSP's petition.

MSP appeals the order that dismissed its petition for lack of jurisdiction.

ASSIGNMENTS OF ERROR

MSP claims that the district court erred when it determined that it lacked subject matter jurisdiction. MSP first claims that the City's action placing a lien on its property was a "special assessment" under § 18-1722 and that therefore, an appeal of special assessments authorized by § 19-2422 was proper. In

the alternative, MSP claims that if § 19-2422 was not applicable, MSP followed the requirements necessary to perfect an appeal by a petition in error.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Champion v. Hall County, ante* p. 55, 958 N.W.2d 396 (2021).

## ANALYSIS

MSP claims that the resolution of July 21, 2020, it sought to appeal levied a special assessment under the authority of § 18-1722 and that therefore, the district court had subject matter jurisdiction of its appeal of that special assessment pursuant to § 19-2422. We agree with MSP and conclude as a matter of law that the district court erred when it dismissed MSP's petition in its entirety.

Section 19-2422 provides as follows:

> Any owner of real property who feels aggrieved by the levy of *any special assessment* by any city of the first class, city of the second class, or village *may appeal* from such assessment, both as to the validity and amount thereof, *to the district court* of the county where such assessed real property is located. The issues on such appeal shall be tried de novo. The district court may affirm, modify, or vacate the special assessment or may remand the case to the local board of equalization for rehearing.

(Emphasis supplied.) As emphasized above, § 19-2422 refers broadly to the levy of "any" special assessment.

MSP argues on appeal that the City, through the Board of Equalization, levied a special assessment in the July 21, 2020, resolution. MSP notes that under Neb. Rev. Stat. § 16-707 (Cum. Supp. 2020), the "mayor and city council of a city of the first class . . . meet[ing] as a board of equalization" have the power to "equalize all special assessments" and that "at

such meeting the assessments shall be finally levied by them." MSP contends that the event of July 21 was such a meeting and had as its objective the levying of a special assessment against MSP. In this regard, MSP next cites § 18-1722, which provides:

If any owner of any building or structure fails, neglects, or refuses to comply with notice by or on behalf of any city or village to repair, rehabilitate, or demolish and remove a building or structure which is an unsafe building or structure and a public nuisance, the city or village may proceed with the work specified in the notice to the property owner. A statement of the cost of such work shall be transmitted to the governing body. *The governing body may*:

(1) *Levy the cost as a special assessment* against the lot or real estate upon which the building or structure is located. *Such special assessment shall be a lien* on the real estate and shall be collected in the manner provided for special assessments; or

(2) Collect the cost from the owner of the building or structure and enforce the collection by civil action in any court of competent jurisdiction.

(Emphasis supplied.)

In summary, MSP notes that a board of equalization has authority under § 16-707 to levy "special assessments" and asserts that it is clear the action taken by the City and the Board of Equalization in the July 21, 2020, resolution was the action defined in § 18-1722(1) for the purpose of levying a "special assessment" against the property (which special assessment serves as a lien on the property) and that appeals from "any special assessment" are authorized under § 19-2422.

We agree that the apparent authority for the action taken by the Board of Equalization in the July 21, 2020, resolution was § 18-1722. Based on allegations in MSP's petition and statements in the resolution itself, it is clear that (1) MSP had failed, neglected, or refused to comply with the City's notice

requiring MSP to demolish and remove a structure the City had deemed to be an unsafe structure and a public nuisance and (2) therefore the City proceeded with the work specified in the notice. Under § 18-1722, the City thereafter had the authority to collect the cost of such work and had two options for how to proceed. Although the City had the option under § 18-1722(2) to collect the cost "by civil action in any court of competent jurisdiction," it is clear the City chose instead to collect the cost by the option set forth under § 18-1722(1), which involves "[l]evy[ing] the cost as a special assessment against the . . . real estate upon which the . . . structure is located." Section 18-1722(1) further provides that the "special assessment" is "a lien on the real estate" to be "collected in the manner provided for special assessments." In the resolution, the City and the Board of Equalization noted that MSP had filed "written objections to the assessment," and the City and the Board of Equalization rejected the objections and resolved that the costs were to be a lien on MSP's property with payments to be collected by the county treasurer.

In their response, the defendants do not explicitly deny that the July 21, 2020, resolution was made under the authority of § 18-1722 and do not identify any other authority pursuant to which the resolution was made. Instead, the defendants argue that there is "no legal authority that the special assessment referenced in § 18-1722 is the same as that referenced in § 19-2422." Brief for appellees at 16. The defendants argue that § 19-2422 "does not by its plain language or otherwise indicate that it applies" to a special assessment imposed under § 18-1722, brief for appellees at 16, and they note that the two statutes are in different statutory sections. The defendants instead agree with the district court's reasoning that "special assessment" under § 19-2422 has the definition set forth in case law such as *Bennett v. Board of Equal. of City of Lincoln*, 245 Neb. 838, 841, 515 N.W.2d 776, 779 (1994), which provides that "[s]pecial assessments are charges imposed by law on land to defray the expense of a local municipal

improvement on the theory that the property has received special benefits from the improvements in excess of the benefits accruing to property or people in general." The defendants argue that the district court correctly determined that MSP did not show that the resolution in the case levied a "special assessment" under this definition.

[2] We reject this argument. Contrary to the defendants' assertion that the language of § 19-2422 does not indicate that it includes a special assessment under § 18-1722, we note that § 19-2422 broadly applies to "any special assessment." Because it used such broad language, § 19-2422 did not need to explicitly refer to or specifically incorporate § 18-1722 within its ambit; instead, if the statute had as its objective the exclusion of specific assessments, it would have been obliged to explicitly exclude any such "special assessment." We further note that while § 19-2422 and § 18-1722 are in different chapters of the revised statutes, both chapters apply to cities and villages, the difference being that § 18-1722 is in a chapter applicable to all cities and villages, while § 19-2422 is in a chapter and article applicable to cities of the first or second class and villages. The City qualifies under both chapters. The defendants do not cite, and we do not find, a provision setting forth a special definition for "special assessment" for either statutory section. We therefore read "any special assessment" under § 19-2422 to include and to apply to a "special assessment" levied under the authority of § 18-1722(1).

We conclude therefore that § 19-2422, which authorizes an appeal from a special assessment, was the proper authority for MSP to appeal the July 21, 2020, resolution, and as a consequence, the district court had subject matter jurisdiction over MSP's appeal. We express no opinion as to whether a petition in error would be appropriate but do observe that where there is an explicit statute authorizing an appeal, the explicit statute is generally the preferred appellate path. See, e.g., *Abboud v. Lakeview, Inc.*, 237 Neb. 326, 466 N.W.2d 442 (1991). Because we conclude that the district court had

subject matter jurisdiction under § 19-2422, we need not consider MSP's alternative argument that it also complied with requirements to file a petition in error under § 25-1901 et seq. We also note that at oral argument, the defendants acknowledged that if § 19-2422 was the proper authority for an appeal to the district court, then MSP had complied with the relevant procedural requirements, including timely filing a notice of appeal and posting a bond with the city clerk as required by § 19-2423.

Because we conclude that the district court has subject matter jurisdiction, we reverse the dismissal of the petition in its entirety for lack of jurisdiction, and we remand the cause for further proceedings. We note that because the district court erroneously dismissed the petition for lack of subject matter jurisdiction, it did not address other assertions set forth in the defendants' motion to dismiss. Therefore, the district court should consider those assertions on remand.

## CONCLUSION

We conclude that the City's July 21, 2020, resolution levied a special assessment against MSP under the authority of § 18-1722 and that therefore, § 19-2422 authorized MSP's appeal of the resolution. The district court therefore erred when it dismissed the petition for lack of subject matter jurisdiction. We reverse the dismissal of MSP's petition in its entirety, and we remand the cause for further proceedings.

Reversed and remanded for
further proceedings.