Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/07/2021 09:08 AM CST

- 425 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

Thomas L. Hilt, Trustee of the Thomas L.
Hilt Revocable Trust, appellant,
v. Douglas County Board of
Equalization, appellee.
___ N.W.2d ___

Filed December 7, 2021.    No. A-21-253.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Taxation: Judgments: Appeal and Error.** Appellate courts review decisions rendered by the Tax Equalization and Review Commission for errors appearing on the record.

3. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

4. **Administrative Law: Judgments: Words and Phrases.** Agency action is arbitrary, capricious, and unreasonable if it is taken in disregard of the facts or circumstances of the case, without some basis which would lead a reasonable and honest person to the same conclusion.

5. **Taxation: Appeal and Error.** Questions of law arising during appellate review of Tax Equalization and Review Commission decisions are reviewed de novo.

6. **Administrative Law: Judgments.** Whether an agency decision conforms to the law is by definition a question of law.

7. **Jurisdiction: Appeal and Error.** It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

8. **Taxes: Jurisdiction: Service of Process: Time: Appeal and Error.** Service of summons within 30 days of the filing of the petition for review of the Tax Equalization and Review Commission's decision is

- 426 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

necessary to confer subject matter jurisdiction upon the Nebraska Court of Appeals.

9. **Administrative Law: Taxation.** A county board of equalization is a county agency.

10. **Taxation: Jurisdiction: Statutes.** County boards of equalization can exercise only such powers as are expressly granted to them by statute, and statutes conferring power and authority upon a county board of equalization are strictly construed.

11. **Administrative Law: Service of Process: Words and Phrases.** Neb. Rev. Stat. § 25-510.02 (Reissue 2016) provides that the plain meaning of the phrase "may be served," when viewed in the context of the service statutes, modifies the method of acceptable service, not the entity to be served.

Appeal from the Tax Equalization and Review Commission. Appeal dismissed.

Douglas W. Ruge for appellant.

Jennifer D. Chrystal-Clark, Deputy Douglas County Attorney, for appellee.

Pirtle, Chief Judge, and Moore and Welch, Judges.

Moore, Judge.

## INTRODUCTION

Thomas L. Hilt, trustee of the Thomas L. Hilt Revocable Trust, appeals from an order of the Tax Equalization and Review Commission (TERC) affirming the decision of the Douglas County Board of Equalization (Board) regarding the taxable value of certain residential property owned by Hilt for the tax years 2017, 2018, and 2019. This court lacks subject matter jurisdiction over Hilt's petition for review, because he failed to have summons served upon the county clerk as required by Neb. Rev. Stat. § 25-510.02(2) (Reissue 2016). Accordingly, we dismiss Hilt's petition for review.

## STATEMENT OF FACTS

Hilt owns a large residential parcel located in the Indian Creek Estates subdivision in Elkhorn, Douglas County,

- 427 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

Nebraska. The parcel is improved with a 7,868-square-foot, ranch-style residence built in 2009 for approximately $1,057,000. Hilt uses the property extensively for educational, business, and entertainment purposes, hosting 1,000 to 1,500 guests annually at the residence.

The Douglas County assessor determined that the value of the property was $1,531,000 for tax year 2017, $1,425,000 for tax year 2018, and $1,425,000 for tax year 2019. Hilt protested the assessment to the Board and requested a valuation of $1,000,000 for 2017, $1,236,000 for 2018, and $997,500 for 2019. The Board determined that the taxable value was $1,425,000 for all three tax years.

Hilt appealed the Board's decision to TERC, and an evidentiary hearing was held. At the hearing, TERC received documentary evidence offered by both parties and heard testimony from Hilt and from a real estate specialist and special evaluation appraiser employed by the Douglas County assessor's office.

On March 1, 2021, TERC issued its decision and order affirming the Board's decision. TERC concluded that Hilt had not provided competent evidence to rebut the presumption that the Board had faithfully performed its duties and had sufficient competent evidence to make its determinations. TERC also concluded that Hilt failed to present clear and convincing evidence that the Board's valuation was unreasonable or arbitrary.

Pursuant to Neb. Rev. Stat. § 77-5019 (Reissue 2018), Hilt filed his petition for review with this court on March 25, 2021. On that same date, Hilt filed a praecipe for summons, asking the sheriff to issue a summons for personal service to: "Douglas County Board of Equalization[,] 1819 Farnam Street H-08[,] Omaha, Nebraska 68183." The return of service shows that service was made on March 29 on Sharon Bourke, an administrative assistant, at the Board. In its response to Hilt's petition, the Board asserted that Hilt had failed to have summons served upon the Board within the requisite 30-day

- 428 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

time limit, because it was not served with the county clerk. We directed the parties to address this jurisdictional issue in their briefs.

In addition to addressing the issue in Hilt's appellate brief, Hilt's attorney filed an affidavit with this court, stating that he was familiar with the principal place of business for the Douglas County clerk and had spoken with personnel in that office (the clerk's office); that the principal place of business for the Board and for the Douglas County clerk were the same ("1819 Farnam Street, H-08, Omaha, NE 68183"); and that the summons was served at this address. He also stated that there was no separate window to take deliveries for the Board at that location; that except for the month of June, the Douglas County clerk and the clerk's office personnel accept all deliveries for that office and the Board; and that Bourke is an administrative assistant employed by the clerk's office who assists the Board on matters "from time to time." Finally, he stated that Bourke was served summons at the window for the clerk's office.

## ASSIGNMENTS OF ERROR

Hilt asserts that TERC erred in (1) failing to consider evidence of functional obsolescence and rejecting evidence of other properties for functional obsolescence, (2) giving no weight to Hilt's testimony regarding the condition of the interior of the property, (3) failing to consider evidence of other larger properties showing "'equalization grids'" for the subject property, (4) calculating the adjustment for the "storage room . . . under the garage," (5) utilizing an erroneous quality of construction and ignoring Hilt's testimony in that regard, (6) incorrectly applying depreciation, and (7) incorrectly calculating the cost of repairs and treating items of repair as maintenance.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion

- 429 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

independent of the lower court's decision. *Main St Properties v. City of Bellevue*, 309 Neb. 738, 962 N.W.2d 333 (2021).

[2-4] Appellate courts review decisions rendered by TERC for errors appearing on the record. *Wheatland Indus. v. Perkins Cty. Bd. of Equal.*, 304 Neb. 638, 935 N.W.2d 764 (2019). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* Agency action is arbitrary, capricious, and unreasonable if it is taken in disregard of the facts or circumstances of the case, without some basis which would lead a reasonable and honest person to the same conclusion. *Id.*

[5,6] Questions of law arising during appellate review of TERC decisions are reviewed de novo. *Upper Republican NRD v. Dundy Cty. Bd. of Equal.*, 300 Neb. 256, 912 N.W.2d 796 (2018). Whether an agency decision conforms to the law is by definition a question of law. *Betty L. Green Living Trust v. Morrill Cty. Bd. of Equal.*, 299 Neb. 933, 911 N.W.2d 551 (2018).

## ANALYSIS

[7] We first address the question of jurisdiction raised by the Board in its response to Hilt's petition for review. The Board argues that this court does not have jurisdiction over Hilt's appeal because there was no appropriate service of summons of Hilt's petition. It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *Porter v. Porter*, 309 Neb. 167, 959 N.W.2d 235 (2021).

[8] Service of summons within 30 days of the filing of the petition for review of TERC's decision is necessary to confer subject matter jurisdiction upon the Nebraska Court of Appeals. *Widtfeldt v. Holt Cty. Bd. of Equal.*, 12 Neb. App. 499, 677 N.W.2d 521 (2004); *McLaughlin v. Jefferson Cty. Bd. of Equal.*, 5 Neb. App. 781, 567 N.W.2d 794 (1997). See,

- 430 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

also, § 77-5019(2)(b) (in appeals from TERC decisions to Court of Appeals, "[s]ummons shall be served on all parties within thirty days after the filing of the petition in the manner provided for service of a summons in a civil action").

Here, the Board acknowledges that Hilt's petition was timely filed, but the Board argues that the petition was not properly served on it within the 30-day time limit because it was not served with the county clerk in accordance with Neb. Rev. Stat. § 23-135 (Reissue 2012), which provides that all claims against a county shall be filed with the county clerk within 90 days from the time when any materials or labor—which form the basis of the claims—have been furnished or performed. However, we do not find § 23-135 to be the applicable statute for purposes of our analysis in this case. See *Zeller Sand & Gravel v. Butler Co.*, 222 Neb. 847, 388 N.W.2d 62 (1986) (holding that § 23-135 applies to all claims arising from or out of contract). Instead, we have examined § 25-510.02, which provides for service upon the State of Nebraska and its political subdivisions:

(1) The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General.

(2) *Any county*, city, or village of this state may be served by personal, residence, certified mail, or designated delivery service upon the chief executive officer or clerk.

(3) *Any political subdivision* of this state, as defined in subdivision (1) of section 13-903 [of the Political Subdivisions Tort Claims Act], *other than a county*, city, or village, may be served by personal, residence,

- 431 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

certified mail, or designated delivery service upon the
chief executive officer, clerk, secretary, or other official
whose duty it is to maintain the official records, or any
member of the governing board or body, or by certified
mail or designated delivery service to the principal office
of the political subdivision.

(Emphasis supplied.)

This court previously discussed the jurisdictional require-
ment of service of the summons upon the Board within 30
days after the filing of a petition for review in *Widtfeldt v.
Holt Cty. Bd. of Equal.*, 12 Neb. App. 499, 677 N.W.2d 521
(2004). In that case, there were multiple jurisdictional prob-
lems with the taxpayer's petition for review. As relevant here,
for one of the tax years at issue, the taxpayer did not name the
board of equalization as a party in the petition and failed to
have summons served upon the board of equalization within
30 days after filing the petition. The taxpayer's petition for
review identified TERC as the sole appellee in its caption.
The parties were not identified in the body of the petition.
Service of summons was made upon the Attorney General's
office. We first determined that the petition did not meet
statutory requirements, because the taxpayer had not named
the board of equalization as a party and the petition did not
present circumstances under which TERC could be made a
party. See § 77-5019(2)(b). We agreed, however, that if TERC
had been a proper party, TERC would have been properly
served by issuance of a summons to the Attorney General. See
§ 25-510.02(1). This court went on to discuss the remaining
subsections of § 25-510.02, stating:

[Section] 25-510.02(2) requires service of a county,
city, or village upon the chief executive officer or clerk.
Section 25-510.02(3) requires service of other political
subdivisions, as defined by . . . § 13-903 . . . upon the
subdivision's chief executive officer, clerk, secretary, or
other official whose duty it is to maintain the official
records; upon any member of the governing board or

- 432 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

body; or by certified mail to the principal office of the
political subdivision.

*Widtfeldt v. Holt Cty. Bd. of Equal.*, 12 Neb. App. at 503, 677
N.W.2d at 524. In *Widtfeldt*, we found we did not need to
determine whether a county board of equalization fell under
§ 25-510.02(2) or (3), observing that neither of those subsec-
tions authorized service upon the Attorney General.

In the present case, Hilt argues that service of the sum-
mons was proper regardless of whether a county board of
equalization falls under § 25-510.02(2) or (3). With respect to
§ 25-510.02(3), Hilt argues that "to the extent the [Board] is
its own political subdivision, service upon the [Board] at its
principal place of business is appropriate." Brief for appellant
at 29. We disagree that the Board is "its own political subdivi-
sion" such that it falls under § 25-510.02(3) and find that serv-
ice had to be accomplished under § 25-510.02(2).

Neb. Rev. Stat. § 13-903(1) (Reissue 2012) defines "[p]oliti-
cal subdivision[s]" as including "villages, cities of all classes,
counties, school districts, learning communities, public power
districts, and all other units of local government, including
entities created pursuant to the Interlocal Cooperation Act or
Joint Public Agency Act." We note that § 13-903(3) defines
"[e]mployee of a political subdivision" to mean "any one or
more officers or employees of the political subdivision *or any
agency of the subdivision*." (Emphasis supplied.)

Section 25-510.02(3), by its own terms, applies to service
upon political subdivisions "other than" counties, cities, or
villages. Accordingly, the question is not whether a county
board of equalization is a political subdivision; but, rather, the
question is whether a county board of equalization is a politi-
cal subdivision "other than" a county. The appellate courts of
this state have described a "county" and the relationship of a
county board of equalization to it as follows:

"A county is one of the public governmental subdivi-
sions of a state, corporate in character . . . , created and
organized for public political purposes connected with

- 433 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

the administration of state government and specifically charged by law with the superintendence and administration of local affairs within its lawfully defined territorial boundaries. . . . Unless restrained by the Constitution the legislature may exercise control over county agencies and require such public duties and functions to be performed by them as fall within the general scope and objects of the county as a body corporate or politic. . . .

"Both the county board and the board of equalization are such county agencies, required by statute and applicable authorities to perform certain well-defined public duties and functions in perfecting the administration of representative local government. They are separate entities, as is every other agency of the county . . . ."

*Wolf v. Grubbs*, 17 Neb. App. 292, 299-300, 759 N.W.2d 499, 511 (2009) (emphasis omitted), quoting *Speer v. Kratzenstein*, 143 Neb. 311, 12 N.W.2d 360 (1943). See, also, *Ev. Luth. Soc. v. Buffalo Cty. Bd. of Equal.*, 243 Neb. 351, 500 N.W.2d 520 (1993) (county board of equalization is administrative agency of county).

While we have not found any cases discussing whether service of summons on a county board of equalization is governed by § 25-510.02(2) or (3), we find guidance in cases in which the Nebraska Supreme Court has discussed for purposes of the Political Subdivisions Tort Claims Act whether various entities are separate political subdivisions from a particular county or municipality. In *Brothers v. Kimball Cty. Hosp.*, 289 Neb. 879, 857 N.W.2d 789 (2015), the Supreme Court determined that a county hospital is not merely an agency of the county, but, rather, is a separate and independent political subdivision. Accordingly, the county could not be held vicariously liable for the alleged medical negligence of the hospital and its employees. The court first observed that a county hospital was not specifically identified as a political subdivision in either the Political Subdivisions Tort Claims Act or the county hospital statutes. It also observed that the county hospital statutes

- 434 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

did not specifically classify a county hospital as "a body corporate and politic," although the court did not find the lack of that language to be dispositive. *Brothers v. Kimball Cty. Hosp.*, 289 Neb. at 885, 857 N.W.2d at 795. The Supreme Court noted cases reviewed by the trial court in addressing the issue. See *Hofferber v. City of Hastings*, 275 Neb. 503, 747 N.W.2d 389 (2008) (municipal utility was agency or department of city, such that utility worker's negligence action against city after worker was injured while working was barred by exclusive remedy provisions of Nebraska Workers' Compensation Act and corresponding exemption in Political Subdivisions Tort Claims Act); *Lock v. City of Imperial*, 182 Neb. 526, 531, 155 N.W.2d 924, 927 (1968) (airport authority, created by city under "Cities Airport Authorities Act, [was] supplementary, separate, and independent public corporation," and city was not liable for authority's torts).

The Supreme Court in *Brothers v. Kimball Cty. Hosp., supra*, then reviewed the county hospital statutes at length and, considering the statutes as a whole, concluded that a county hospital was a separate legal entity from the county. The court noted particularly that the hospital's governing body was in charge of formulating rules to guide the hospital and that the hospital's board of trustees, rather than the county, had authority to pay claims against the hospital. The court declined to express an opinion as to the legal status of a county hospital where the county board is elected to serve as the hospital's board of trustees, another possible scenario under the county hospital statutes. Because the county hospital at issue in *Brothers* was a separate legal entity to which control of the hospital's employees was entrusted, the Supreme Court concluded that the county had no liability for acts of the hospital's employees.

[9,10] Applying the above analysis to the present case, we first note that neither the Political Subdivisions Tort Claims Act nor the board of equalization statutes expressly identify a county board of equalization as a political subdivision. See, § 13-903(1); Neb. Rev. Stat. § 77-1501 et seq. (Reissue

- 435 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

2018 & Cum. Supp. 2020). The county board of equalization statutes do not expressly identify a county board of equalization as a body politic or corporate. Significantly, § 77-1501 provides that "[t]he county board shall constitute the county board of equalization." The county board of equalization may appoint one or more suitable persons to act as referees, but it is the county board that fixes the compensation for any referees and the compensation is payable from the county's general fund. See § 77-1502.01. Likewise, while the board of equalization may compel the attendance of witnesses, the fees for any such witnesses are paid by the county or the taxpayer whose property valuation is under investigation under certain circumstances, and a sum can be recovered in a civil suit by the county from witnesses who fail to respond to service of process or to answer proper questions posed by the board of equalization. See § 77-1509. As noted above, a county board of equalization is a county agency. See *Wolf v. Grubbs*, 17 Neb. App. 292, 759 N.W.2d 499, 511 (2009). County boards of equalization can exercise only such powers as are expressly granted to them by statute, and statutes conferring power and authority upon a county board of equalization are strictly construed. *Village at North Platte v. Lincoln Cty. Bd. of Equal.*, 292 Neb. 533, 873 N.W.2d 201 (2016). See, also, *Speer v. Kratzenstein*, 143 Neb. 311, 12 N.W.2d 360 (1943) (county board of equalization is board for equalization of valuations in certain cases, possesses no powers beyond those conferred by statute, and has no authority to enter into any contract to obtain information, knowledge, or evidence needed to equalize valuations).

Based on our reading of §§ 13-903 and 25-510.02, the county board of equalization statutes, and the above case law, we conclude that a county board of equalization is not a political subdivision "other than" a county, and service upon a county board of equalization must be accomplished pursuant to the requirements of § 25-510.02(2) rather than § 25-510.02(3).

[11] Next, we address Hilt's arguments that service was accomplished under § 25-510.02(2). Hilt argues that because

- 436 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

§ 25-510.02(2) contains the word "may," service in this case on the clerk was discretionary. This court rejected a similar argument with respect to the word "may" in § 25-510.02(1) and service on the Attorney General. *Ray v. Nebraska Crime Victim's Reparations Comm.*, 1 Neb. App. 130, 487 N.W.2d 590 (1992). In that case, the appellant contended that because § 25-510.02(1) (Reissue 1989) contained the word "may," service on the Attorney General was discretionary and service in the usual civil manner under Neb. Rev. Stat. § 25-505.01 (Reissue 1989), and not on the Attorney General, was also proper. After examining § 25-510.02 and the other service statutes found at Neb. Rev. Stat. §§ 25-508.01 through 25-514.01 (Reissue 1989), all of which contained the phrase "may be served," we determined that the word "may" in those statutes "qualifie[d] the methods of acceptable service, not the entity to be served." *Ray v. Nebraska Crime Victim's Reparations Comm.*, 1 Neb. App. at 132, 487 N.W.2d at 591. The Nebraska Supreme Court has also determined that § 25-510.02 (Reissue 2016) provides that the plain meaning of the phrase "may be served," when viewed in the context of the service statutes, modifies the method of acceptable service, not the entity to be served. See, *Becker v. Nebraska Acct. & Disclosure Comm.*, 249 Neb. 28, 541 N.W.2d 36 (1995); *Twiss v. Trautwein*, 247 Neb. 535, 529 N.W.2d 24 (1995). Accordingly, Hilt's argument that service on the clerk in this case was discretionary fails.

Hilt also argues that service under § 25-510.02(2) was accomplished because "[t]he Douglas County Clerk's Office and personnel were in fact served." Brief for appellant at 28. In support of this argument, he references information found in the affidavit filed with this court by his attorney, stating that the Board does not have a separate address and is located at the same address as the clerk's office; that there is not a separate window for deliveries to the Board; and that except for the month of June, the clerk's office personnel accept all deliveries to that office. He also references the statement in the affidavit that Bourke, who accepted service, is an administrative

- 437 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

assistant employed by the clerk's office who assists the Board on matters "from time to time." We note that in its brief, the Board argues that Bourke does not work "in the County Clerk's office for Douglas County" and is not "an authorized employee to receive service for the county." Brief for appellee at 12.

Section 25-510.02(1) provides more options for accomplishing service upon the Attorney General when the State or a state agency is sued than § 25-510.02(2) does for accomplishing service upon the clerk when a county is served. Section 25-510.02(1) provides that a summons can be left at the Attorney General's office with (1) the Attorney General, (2) a deputy attorney general, or (3) someone designated in writing by the Attorney General or that service may be accomplished by certified mail or designated delivery service addressed to the Attorney General's office. In contrast, § 25-510.02(2) provides that service upon a county may be accomplished by one of the listed methods upon the clerk. This subsection does not specify any other individuals who may accept a summons on behalf of the clerk, nor does it specify any other entity or individual to whom service by certified mail or designated delivery service may be addressed.

Here, Hilt filed a praecipe for summons asking the sheriff to issue summons for personal service to "Douglas County Board of Equalization." The return of service shows that service was made on "Douglas County Board of Equalization," that the type of service was "Company Leave," that the servee was "Sharon Bourke," and that her relationship to the Board was "Administrative Assistant." The parties dispute whether Bourke was employed by the Board or the clerk's office, but regardless of what entity employed Bourke and regardless of whether the Board and the clerk's office share the same address, the record does not show that service was accomplished upon the county clerk. Hilt's praecipe did not request summons to be served upon the clerk, and the return does not show that service was upon the clerk. Because Hilt

- 438 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
HILT v. DOUGLAS CTY. BD. OF EQUAL.
Cite as 30 Neb. App. 425

failed to accomplish service upon the county clerk pursuant to § 25-510.02(2), we are without jurisdiction. Accordingly, we dismiss Hilt's petition for review.

## CONCLUSION

For the reasons set forth above, we dismiss Hilt's petition for review for lack of jurisdiction.

APPEAL DISMISSED.